IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL BOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-376-JHP |
| ) | |
| CHEROKEE COUNTY ) | |
| GOVERNMENTAL BULDING ) | |
| AUTHORITY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR
RELIEF AND DENYING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Daniel Bosh sued the Cherokee County Governmental Building Authority and two other individuals in the District Court of Cherokee County, Case No. CJ-2011-245, alleging a 42 U.S.C. §1983 claim for violations of his due process rights under the Fourteenth Amendment, as well as state tort law claims. Defendant Cherokee County Governmental Building Authority ("Defendant") removed the case to this Court, and has filed a Motion to Dismiss. Defendant now seeks to defer responding to Plaintiff's discovery requests until resolution of the Motion to Dismiss. Plaintiff, on the other hand, urges the Court to compel Defendant to respond to his discovery requests. The Court referred this discovery dispute to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). As set forth below, the Defendant Cherokee County Governmental

Building Authority's Motion for Relief [Docket No. 22] is hereby GRANTED, and the Plaintiff Bosh's Motion to Compel [Docket No. 25] is hereby DENIED.

### A.  Factual Summary

Plaintiff sent discovery requests to Defendant while the case was pending in the state court. Defendant filed its Notice of Removal [Docket No. 2] on October 24, 2011, and its Motion to Dismiss [Docket No. 12] on October 31, 2011. The parties held their Rule 26(f) conference on November 16, 2011, which fixed the response date on the discovery requests at December 16, 2011.[1]  *See* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"). On December 14, 2011, Defendant filed its Motion for Relief, requesting that it not be required to respond to Plaintiff's discovery request until ten days after the Court should deny its Motion to Dismiss. Plaintiff then filed his Motion to Compel, seeking an order of the Court compelling responses to his discovery requests and awarding costs in connection therewith.

### B.  Analysis

Defendant hopes to prevail on its Motion to Dismiss and, *inter alia*, avoid party-based discovery obligations. Plaintiff objects and notes, *inter alia*, that the Motion to Dismiss will not dispose of the entire action and that he will need the discovery from the Defendant whether or not it remains a party. Plaintiff also argues that Defendant should

---

[1] Defendant noted in its Motion for Relief that the discovery responses were not properly served, but that they planned to treat them as properly served. Plaintiff insists that the discovery requests were properly served, and objects to Defendant's characterization. Because Defendant has not argued that it has no duty to respond to the request for discovery, the undersigned Magistrate Judge will treat the discovery requests as properly served.

have filed a motion for protective order rather than a motion for relief (which he contends is not recognized by the federal rules) and that Defendant has waived its right to object to the discovery requests by failing to properly respond thereto.

     As an initial matter, the Court finds that the Motion for Relief is an appropriate response to discovery under the federal rules and that Defendant has not waived any response rights in connection therewith. The Motion for Relief clearly indicates the relief sought by the Defendant and the basis therefor, which is all that is required under the federal rules. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion. . . . [and] state with particularity the grounds for seeking the order; and state the relief sought."). Further, the Court may order additional time to respond to discovery requests under both Fed. R. Civ. P. 33(b)(3) and Fed. R. Civ. P. 34(b)(2)(A), but neither rule requires a motion for protective order to obtain such relief. Nor was it inappropriate to seek such relief under the circumstances, as Defendant was otherwise obligated to respond to party-based discovery requests notwithstanding the pendency of an arguable motion to dismiss that would relieve it of such obligations. *See, e. g., Hilton v. W.T. Grant Co.*, 212 F. Supp. 126, 130 (W.D. Pa. 1962) ("This action [relieving defendant of the obligation to respond to discovery requests] was proper inasmuch as the duty of responding to interrogatories is an incident to the status of being a party to litigation. Therefore if there is reason to believe that there is a probability that said corporation may not be a proper defendant and that the action may be dismissed with respect to said corporation, it would be unreasonable to require it to undergo the burden of answering interrogatories until its status as defendant is determined.").

The Court recognizes that Plaintiff may ultimately seek the same discovery from Defendant whether or not it remains a party to this action. But "the burdens incident to the status of a defendant ought not to be augmented [by the discovery process] until it is certain that the party involved really is properly a defendant." *Hilton,* 212 F. Supp. at 130. Defendant's Motion for Relief should therefore be granted, Plaintiff's Motion to Compel should be denied, and Defendant should be allowed ten days from any denial of its Motion to Dismiss to respond to Plaintiff's discovery requests.

### C. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Cherokee County Governmental Building Authority's Motion for Relief [Docket No. 22] is GRANTED, and that Plaintiff Bosh's Motion to Compel [Docket No. 25] is DENIED.

IT IS SO ORDERED this 13th day of February, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma