# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL BOSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-376-JHP |
| | ) |
| CHEROKEE COUNTY BUILDING | ) |
| AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER CERTIFYING QUESTIONS OF LAW TO THE SUPREME COURT OF OKLAHOMA

The United States District Court for the Eastern District of Oklahoma, pursuant to the Revised Uniform Certification of Questions of Law Act, OKLA. STAT. tit. 20, § 1601 et seq., hereby submits to the Supreme Court of the State of Oklahoma the following certified questions which may be determinative of an issue in the above-captioned matter now pending before this Court, but which does not appear to be answered by the controlling precedent of the Oklahoma Supreme Court.

### I. Questions of Law to be Answered

1. Does Oklahoma law recognize a private right of action for excessive force under Oklahoma Constitution Article 2, § 30, as discussed by the Oklahoma Court of Civil Appeals in *Bryson v. Oklahoma County* ex rel. *Oklahoma County Detention Center*, 2011 OK CIV APP 98, ¶¶ 28-31, 261 P.3d 627, 638-40?

2. If Oklahoma recognizes such a cause of action, is a right of action available for deprivations occurring before the Court of Civil Appeals' decision in *Bryson*?

3. If Oklahoma recognizes such a cause of action, are its standards of municipal liability

1

coterminous with a federal cause of action pursuant to 28 U.S.C. §1983, or does Oklahoma law provide wider protections? Specifically, does any actionable right under the Oklahoma Constitution Article 2, §30 impose municipal or entity liability under a theory of *respondeat superior*?

**II. Factual Background**

1. The events of this case arise from the events surrounding a May 17, 2011 videotaped assault on Plaintiff by Defendants Gordon Chronister, and T.J. Girdner at the Cherokee County Detention Center.

2. On June 30, 2011, The Oklahoma Court of Civil Appeals issued its decision in *Bryson v. Oklahoma County* ex rel. *Oklahoma County Detention Center*, 2011 OK CIV APP 98, ¶¶28-31, 261 P.3d 627, 638-40, in which it discussed at length plaintiff Bryson's cause of action pursuant to Oklahoma Constitution Article 2, §30, and ultimately held that summary judgment was inappropriate for Bryson's claim pursuant to the Oklahoma Constitution. *Id.* at ¶31, 639.

2. On September 29, 2011, Plaintiff filed his original Petition in Cherokee County District Court against Defendants Cherokee County Governmental Building Authority (Authority), Chronister, and Girdner in Case No. CJ-2011-245. Plaintiff sought relief from Defendant Authority under the Oklahoma Governmental Tort Claims Act and from Defendants Chronister and Girdner for deprivation of rights pursuant to 28 U.S.C. §1983.

3. On October 24, 2011, Defendant Authority removed this case to the United States District Court for the Eastern District of Oklahoma where is was given Case No. 11-376-JHP. On October 31, 2011, Defendant Authority moved to dismiss all of Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. The Court, by Opinion and Order dated April 5, 2012, dismissed all pending claims

against Defendant Authority, but permitted Plaintiff to file an amended complaint to include claims against Defendant Authority under 28 U.S.C. §1983 and the Oklahoma Constitution. The Court specifically found that, based on the case law presented, it could not conclude that amendment to include a claim under the Oklahoma Constitution would be futile.

5. On April 20, Plaintiff filed his First Amended Complaint to include claims under §1983 and Oklahoma Constitution Article 2, §30 against Defendant Authority. Defendant Authority filed a Motion to Dismiss the Amended Complaint on May 4, 2012.

### III. Statement Regarding Power to Reformulate Questions

In accordance with OKLA. STAT. tit. 20, §1604(A)(3) this Court acknowledges that the Oklahoma Supreme Court may reformulate the certified questions.

### IV. Names and Addresses of Counsel of Record

In accordance with OKLA. STAT.. tit. 20, §1604(A)(4), the names and addresses of the counsel of record in this case are:

| | |
|---|---|
| **D. Mitchell Garrett , Jr.**<br>Garrett Law Center, PLLC<br>PO Box 1349<br>Tulsa, OK 74101-1349<br>918-895-7216<br>Fax: 918-895-7217<br>Email: mitchell@garrettlawcenter.com<br>**Attorney for Plaintiff** | **Chris J. Collins**<br>Collins, Zorn, & Wagner<br>429 NE 50th St<br>Second Flr<br>Oklahoma City, OK 73105-1815<br>405-524-2070<br>Fax: 405-524-2078<br>Email: czwg@czwglaw.com<br>**Attorney for Defendant Authority** |

| | |
|---|---|
| **J. Spencer Bryan**<br>Bryan Terrill, PLLC<br>401 S Boston<br>Ste 2201<br>Tulsa, OK 74103<br>918-935-2777<br>Fax: 918-935-2778<br>Email: jsbryan@bryanterrill.com<br>**Attorney for Plaintiff** | **Stephen L. Geries**<br>Collins, Zorn, & Wagner<br>429 NE 50th St<br>Second Flr<br>Oklahoma City, OK 73105-1815<br>405-524-2070<br>Fax: 405-524-2078<br>Email: czwg@czwglaw.com<br>**Attorney for Defendant Authority** |
| **Steven J. Terrill**<br>Bryan Terrill, PLLC<br>401 S Boston<br>Ste 2201<br>Tulsa, OK 74103<br>918-494-5905<br>Fax: 918-494-2847<br>Email: sjterrill@bryanterrill.com<br>**Attorney for Plaintiff** | **Randall J. Wood**<br>Pierce, Couch, Hendrickson, Baysinger, & Green (OKC)<br>PO Box 26350<br>Oklahoma City, OK 73126-0350<br>405-235-1611<br>Fax: 405-235-2904<br>Email: rwood@piercecouch.com<br>**Attorney for Defendants Chronister and Girdner** |
| | **Robert S. Lafferrandre**<br>Pierce, Couch, Hendrickson, Baysinger, & Green (OKC)<br>PO Box 26350<br>Oklahoma City, OK 73126-0350<br>405-235-1611<br>Fax: 405-235-2904<br>Email: rlafferrandre@piercecouch.com<br>**Attorney for Defendants Chronister and Girdner** |

DATED this 30th day of August, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma