IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    DANIEL BOSH,<br><br>        Plaintiff,<br><br>v.<br><br>(2)    CHEROKEE COUNTY<br>        GOVERNMENTAL BUILDING<br>        AUTHORITY, *et al*,<br><br>        Defendants. | Case No.: 11-CIV-376-JHP |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES FROM DEFENDANT CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY**

Pursuant to Fed.R.Civ.P 37, Daniel Bosh, (hereinafter "Bosh" or Plaintiff), submits the following Motion to Compel responses to document requests issued to Defendant Cherokee County Governmental Building Authority ("CCGBA").[1]  Plaintiff would state as follows:

**I.    STATEMENT OF UNDISPUTED MATERIAL FACT**

Plaintiff submits the following statement of material fact relevant to the present dispute.

1.    Plaintiff filed the present case against Cherokee County Governmental

---

[1] Pursuant to LCvR 37.1, the undersigned can state that has conferred in good faith with opposing counsel by telephone regarding the substance of the motion to compel and the parties have been unable to reach an accord.

Building Authority ("CCGBA"), Chronister, and Girdner on September 29, 2011. [*See* Dkt. # 2, Ex. 2].

### A.   Document Request No. 18

2.   On March 4, 2013, CCGBA served the following response to Plaintiff's Document Request No. 18:

> **REQUEST FOR PRODUCTION NO. 18**: Complaints of excessive force committed by CCDC employees since January 1, 2007.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**: Objection. Plaintiff's counsel has access to all Complaints filed in the Federal Court system involving the Defendant in this matter. Without waiving said objection, please see Defendant's Response to Plaintiff's Interrogatory No. 8.
>
> * * *
>
> **INTERROGATORY NO. 8**: State the number of unreasonable/excessive force and unlawful arrest complaints received, reviewed, and/or investigated by the CCGBA in each of the past five (5) years. For each year, further identify the number of complaints that were determined to be sustained in whole or in part and state what disciplinary action if any was taken as to the charged employee(s).
>
> **RESPONSE NO. 8:** Objection. Plaintiff's Interrogatory No. 8 is overly broad, unduly burdensome, not reasonably limited in time or scope, not reasonable calculated to lead to the discovery of admissible information, consists of more than one discreet interrogatory, assumes facts and is vague and ambiguous. Without waiving said objection, Complaints filed in Federal Court are public records and are readily accessible by the Plaintiff and his counsel. CCGBA employees do not perform arrests. Furthermore, records are not kept or maintained in a manner which they may be sought or searched by the nature of the Complaint. Please see below, limiting this response to the following years:
>
> 2010: No Complaints filed in Federal Court
>
> 2011: One Complaint filed in Federal Court for excessive force, investigation by OSBI and District Attorney's Office did not sustain claim, no disciplinary action taken

> 2012: No Complaints filed in Federal Court
>
> 2013: No Complaints filed in Federal Court

[*See* Ex. 1, p. 4, *see also* Ex. 7, p. 2-3 ].

    3.    On April 24, 2013, the undersigned requested that CCGBA supplement its response to Document Request No. 18 and provide complaints of excessive force. [*See* Ex. 2]. On May 10, 2013, counsel for CCGBA agreed to produce (2) all inmate grievances regarding excessive force, and (2) agreed to produce complaints of excessive force contained within employee personnel files <u>if Plaintiff identified the employee first</u>. [*See* Ex. 3].

    4.    On May 30, 2013, counsel for the CCGBA agreed to "undertake a search of personnel files regarding complaints of excessive force limited between January 1, 2009 and May 17, 2011 and provide you with any responsive documents." [*See* Ex. 4].

    5.    On September 25, 2013-- in response to Plaintiff's inquiry regarding the status of that search-- counsel for CCGBA responded as follows: "With regard to documents in any particular employee personnel file, please identify the employee for which you want a search to be made for any complaints or grievances in their personnel file." [*See* Ex. 5].

    6.    CCGBA has not produced the inmate grievances that counsel agreed to produce on May 10, 2013. The CCGBA has not produced complaints from any personnel file, and there is no evidence that CCGBA has reviewed any personnel files that counsel agreed to review on May 30, 2013.

**B.    Document Request No. 25**

7. On March 4, 2013, Defendant CCGBA provided the following response to Plaintiff's Document Request No. 25:

> **REQUEST FOR PRODUCTION NO. 25:** Since January 1, 2007, produce book-in sheets for each arrestee/inmate transported from the CCDC to a medical facility following a use of force incident involving CCGBA employees at the CCDC.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Objection. Plaintiff's Request for Production No. 25 is not reasonably limited in time or scope, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the computer software utilized does not provide a search parameter for incident reports by which may have been taken to a medical facility, only by the name of the individual.

[*See* Ex. 1, p. 6].

8. On April 24, 2013, Plaintiff's counsel advised counsel for CCGBA that the IT department at the OSBI has keyword search capabilities on the ODIS system, and that CCGBA can glean responsive information from its log books. [*See* Ex. 2]. In a letter dated May 30, counsel for CCGBA requested that Plaintiff's counsel furnish information to forward to the OSBI to conduct a search. [*See* Ex. 4]. That letter did not address the substance of the request, the ability of the CCGBA to request information from the OSBI, or its ability to obtain the information from log books at the CCDC or from invoices the CCGBA paid for medical care provided to inmates.

9. On September 25, 2013, counsel for CCGBA conditioned providing responsive records upon the Plaintiff identifying the name of the inmate who received medical care, but conceded that "tower logs will show transports from the facility to outside medical facilities."

[*See* Ex. 5].

10. CCGBA has not produced any tower logs to identify these inmates. It has not produced booking records for any inmate transported for medical care due to excessive force committed by jailers at the CCDC. There is no evidence the CCGBA has requested data from the OSBI to determine the identity of these inmates. There is no evidence that CCGBA has reviewed invoices from medical providers to determine the identity of these inmates.

### C.     Request No. 28

11. On March 4, 2013, Defendant CCGBA provided the following response to Plaintiff's Document Request No. 28:

> **REQUEST FOR PRODUCTION NO. 28**:   Since January 1, 2007, each incident report memorializing a use of force incident at the CCDC involving an injury to an employee of the CCGBA.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:   Objection. Plaintiff's Request for Production No. 28 is not reasonably limited in time or scope, overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the computer software utilized does not provide a search parameter for reports regarding uses of force involving injury to an employee.

[*See* Ex. 1, p. 6-7].

12. On April 24, 2013, Plaintiff's counsel advised counsel for CCGBA that the IT department at the OSBI has keyword search capabilities that can assist the CCGBA in identifying responsive records. [*See* Ex. 2]. On August 7, 2013, Plaintiff's counsel prepared a letter memorializing an agreement whereby counsel for CCGBA agreed to produce responsive worker's compensation claims for the last 6 years. [*See* Ex. 6]. On September 25,

2013, counsel for CCGBA reneged on that agreement. [*See* Ex. 5].

## II.  ARGUMENT AND AUTHORITY

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan.2004) (citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan.2003) (citation omitted). A party resisting discovery on the ground that the requests are overly broad has the burden of supporting its objection, unless the request is overly broad on its face. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D.Kan.2000).

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

### A.   EXCESSIVE FORCE RECORDS

The Second Amended Complaint contains an allegation that CCGBA is liable for implementing and policy or practice at the CCDC that permitted the use of excessive force on arrestees and inmates. The Second Amended Complaint also contains an allegation that CCGBA is liable in its supervisory capacity for failing to take reasonable steps to address incidents of excessive force.

Excessive force complaints are highly relevant to these claims. Documented complaints of excessive force tend to show the number of incidents at a facility over time, and whether that number is high or low compared to the average daily population. A higher number would support the inference that the CCGBA has implemented or endorsed a policy

or practice of excessive force. The Plaintiff may also use the complaints to determine whether the jailer documented the incident, and if so, how it was documented and what language was used. Complaints without a corresponding report would support the inference that jailers did not report instances of excessive force, and for those reported incidents, the repeated use of certain phrases or words would support the inference that jailers were trained to minimize the severity of an incident or falsify justification for the use of force.

Furthermore, complaints of excessive force will also identify which jailers were accused of excessive force, and whether certain jailers were identified more frequently than others. The complaints would likely identify the circumstances in which excessive force was used, e.g. whether a victim was restrained, and whether force was used in response to a verbal or physical attack. These circumstances are relevant to establishing a pattern of behavior, e.g. beatings in a shower room, excessive use of OC spray, use of physical force in response to verbal complaints. Excessive force complaints will also assist in determining whether the CCGBA investigated the incident, how it performed that investigation, whether any jailer was disciplined, and whether the investigation resulted in additional training. This information is relevant to the allegations in the Second Amended Complaint regarding a policy or practice of excessive force at the CCDC.

Finally, the request for incidents dating to January 1, 2007 coincides with the opening of the CCDC. The CCGBA has operated the CCDC since it opened in 2007, and Loyd Bickel has served as the administrator at the facility since that time. Accordingly, how the facility has operated from 2007 through present day is relevant to establishing trends in

policy and practices that may respond to events that happen over time. For example, if inmate complaints of excessive force increased while jailer reporting decreased, that data would support the inference that efforts were made to under-report incidents of excessive force. Further, without a clear picture of how the facility has operated from day one, limiting the data to an arbitrary time period risks skewing the data in a way that would conceal relevant trends. For these reasons, Plaintiff respectfully requests the Court grant the motion to compel and order the CCGBA to produce inmate complaints of excessive force, regardless of where the complaint is stored, since 2007.

### B.   BOOKING SHEETS

The booking sheets of inmates who were transported for medical care following a use of force incident are relevant to identifying potential witnesses. The request is reasonably calculated to lead to the discovery of admissible evidence regarding patterns and practices of jailers at the CCDC regarding the use of excessive force, the identities of jailers accused of excessive force, and whether these particular inmates reported the use of force, and if so, to whom.

The CCGBA claims the request is overly burdensome, but it failed to provide any information to actually support that objection. As the party objecting to discovery, the CCGBA has "the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab.*, Inc., 137 F.R.D. 325, 322 (D. Kan. 1991)). The CCGBA has

failed to provide an affidavit or specific supporting information to substantiate its unduly burdensome objection. Consequently, the CCGBA has not met its obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents. Further, the "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party from whom discovery is sought does not itself require denial of the motion." *Snowden*, 137 F.R.D. at 332-33.

Other victims of excessive force at the CCDC likely have information relevant to the claims and defenses in this case. For this reason, Plaintiff respectfully requests the Court grant the motion to compel and order the CCGBA to produce the booking sheets for each inmate transported for medical care following a use of force incident at the CCDC since January 1, 2007.

### C.   WORKER'S COMPENSATION FILES

As with the booking sheets, the production of worker's compensation files identifying jailers injured during a use of force event is reasonably calculated to lead to the discovery of additional incidents of excessive force.

As set forth in the motion to compel records from Defendant Girdner, the Plaintiff has produced evidence that a jailer can injure himself while using excessive force. That jailer may then seek time off or make a worker's compensation claim. If the incident is not accurately reported by jailer, and if fears of retaliation prevent the inmate from preparing a written complaint, the worker's compensation file may be the only record of the incident.

For these reasons, Plaintiff respectfully request the Court grant the motion to compel.

**WHEREFORE,** all premises considered, Plaintiff respectfully requests the Court grant the motion to compel.

Respectfully submitted,

BRYAN & TERRILL

 *s/J. Spencer Bryan*
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
Bryan & Terrill Law, PLLC
9 E. 4th St., Suite 600
Tulsa, OK 74103
Tele:   (918) 935-2777
Fax:    (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Daniel Bosh*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2013, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Steven J. Terrill | Randall J. Wood |
| sjterrill@bryanterrill.com | rwood@piercecouch.com |
| | |
| D. Mitchell Garrett | Chris J. Collins |
| Mitchell@garrettlawcenter.com | cjc@czwglaw.com |
| | |
| Robert S. Lafferrandre | Stephen L. Geries |
| rlafferrandre@piercecouch.com | steve@czwglaw.com |

 *s/J. Spencer Bryan*
J. Spencer Bryan