IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  DANIEL BOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-376-JHP |
| | ) | |
| (2)  CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Cherokee County Governmental Building Authority ("Defendant") submits this Response to Plaintiff's Motion to Compel [Dkt. 127]. For the following reasons, Defendant asks that Plaintiff's Motion to Compel be denied in its entirety.

**I.    RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACT**

1. Admitted.

2. Admitted.

3. Defendant admits that Plaintiff's counsel requested that Defendant supplement its Response to Plaintiff's Document Request No. 18. However, Defendant denies Plaintiff's assertion that on May 10, 2013, "counsel for CCGBA agreed to produce (2) [sic] all inmate grievances regarding excessive force, and (2) agreed to produce complaints of excessive force contained within employee personnel files <u>if Plaintiff identified the employee first</u>." (Emphasis in Plaintiff's

Motion) It is clear from the letter provided by Plaintiff's counsel that Defendant's counsel wrote, "If an inmate is still in custody they have an opportunity to file a grievance with the CCDC staff.  I have asked for available grievances and will send any responsive documents to you shortly.  If a written complaint is received from an outside person, it should be put in the employee's personnel file.  If you have specific personnel files you would like checked, then I will have them searched and provide you any which are discovered." [Dkt. 127, Ex. 3, p. 3-4].

It is also important to point out that at no time prior to Plaintiff's counsel's letter dated April 24, 2013, did counsel for either party discuss Defendant's Responses to Plaintiff's Requests for Documents. [*See* Dkt. 127, Ex. 3, p. 2]. Plaintiff's counsel's letter dated April 24, 2013, was the first occasion that Responses to Plaintiff's Requests for Production were mentioned.  Additionally, the referenced letter from Defendant's counsel also indicates , "Most of the Requests are made for a period of time which is greatly over broad and not limited in time or scope.  In fact, the requests ask for information before the CCDC facility opened on January 12, 2007.  Thus any responses provided will be limited from January 1, 2009 until May 31, 2011." [*See* Dkt. 127, Ex. 3, p. 3]. It is clear that there was no "agreement" to provide <u>all</u> inmate grievances regarding excessive force.  Plaintiff has also failed to supply any names of employees for which Plaintiff's counsel wanted their employee personnel files searched.

    4.    Admitted.

5.      Admitted, however Plaintiff's recitation from Defendant's counsel's letter is misleading and incomplete.  Defendant's counsel's letter dated September 25, 2013 was in response to a letter received via email from Plaintiff's counsel dated August 7, 2013. [Dkt. 127, Ex. 6].  In his letter, Plaintiff's counsel asked if there were any policy/procedure/practice relating to the CCDC receiving verbal or written complaints from third parties or non-inmates and if verbal complaints were reduced to writing or were otherwise logged.  [Dkt. 127, Ex. 6, ¶ 5]. Plaintiff's counsel's letter also stated, "You also indicated that specific complaints regarding a particular employee may be available in their personnel file.  To the extent they are available, please ensure that any complaints or grievances responsive to the above request which may be included in the personnel files, have been provided.  If not, please supplement to include those complaints and grievances." [Dkt. 127, Ex. 6, ¶ 5].  It was in response to Plaintiff's counsel's letter in which he refers to "specific complaints regarding a particular employee" that Defendant's counsel was referring when he asked Plaintiff's counsel, "With regard to documents in any particular employee personnel file, please identify the employee for which you want a search to be made for any complaints or grievances in their personnel file." [Dkt. 127, Ex. 5, p.2, ¶ 5]  Plaintiff has provided no evidence of every identifying specific employees or employee files to Defendant's counsel to be searched outside of those specific Requests for Production discussed later in this Response.

6.      Admitted that no inmate grievances and no complaints from personnel

files have been produced. However, Plaintiff's counsel has failed to mention that additional discovery requests have been responded to by the Defendant and additional discovery requests have been served which are not yet due. (Exhibit "1," Defendant's Responses to Plaintiff's Fourth Requests for Production (without attachments), Exhibit "2," Plaintiff's Fifth Request for Production). These responses include many relevant personnel files, none of which contain any complaints. The Response to Plaintiff's Fifth Request for Production of Documents is not due until November 4, 2013.

    7.    Admitted.

    8.    Defendant admits that Plaintiff's counsel's letter of April 24, 2013 indicated that the IT department at the OSBI has keyword search capabilities on the ODIS system, and that the CCGBA can glean responsive information from its log books. Defendant also admits that in a letter dated May 30, 2013, counsel for the CCGBA requested that Plaintiff's counsel furnish information to forward to the OSBI to conduct such a search. However, Plaintiff's counsel fails to mention the entirety of Defendant's counsel's letter regarding the OSBI and ODIS system.

In Defendant's counsel's letter [Dkt. 127, Ex. 4], information regarding the procedure for ODIS to perform the requested search was completely and specifically provided. Plaintiff's counsel is well aware of the limitations of the ODIS system and the searches available on that system by employees at the CCDC. Since Plaintiff's Request for Production requests the book-in sheets for each arrestee/inmate

transported from the CCDC to a medical facility following a use of force incident involving CCGBA employees at the CCDC, it is paramount to first determine the use of force incident. Those incidents are available to the CCDC only by search via the name of the inmate and not the type of incident. It is the keyword search through OSBI/ODIS, as indicated by Plaintiff's counsel, which will provide the incident information.

The only "log" which may indicate an inmate or arrestee was transported to a medical facility is the tower log. The tower log is a handwritten log maintained in the tower of the facility by date. It is not maintained on the computer. It will also not indicate the reason why any inmate or arrestee was transported to an outside medical facility, but will likely only indicate an inmate was out of the facility for medical treatment or an appointment.

9.      Admitted, however Plaintiff's quotation is incomplete. As discussed in paragraph no. 8 above, Defendant's counsel's letter dated September 25, 2013 indicates, "See Response No. 3 above. Additionally, if you should identify specific inmates, then those booking sheets will be provided, if there are no other objections. Outside of the ODIS system, the tower logs will show transports from the facility to outside medical facilities. However, the tower log will not contain reason for the transport to the medical facility whether it may be a routine medical exam, followup exam, or emergency." [Dkt. 127, Ex. 5, pp. 2-3, ¶ 7].

In Response No. 3 of the same referenced letter, Defendant's counsel wrote,

"It is my understanding according to an email from Spencer Bryan that the OSBI will be charging $45.00 per hour for an ODIS document search. I have responded to Mr. Bryan but not heard anything further regarding what procedure he would like to undertake to obtain these records. Please feel free to contact me with your instructions, intentions and requests." [Dkt. 127, Ex. 5, p. 2, ¶ 3].

    10.    Defendant Admits that it has not produced the tower logs to Plaintiff. However, Plaintiff has not requested the tower logs in any Request for Production of Documents. The specific Request for Production which is the subject of this Motion to Compel is for the booking records of inmates transported to a medical facility following the use of force by a CCGBA employee.

Plaintiff also claims in this paragraph, "There is no evidence the CCGBA has requested data from the OSBI to determine the identity of these inmates." However, this is absolutely misleading.

As referenced above, in its September 25, 2013 letter to Plaintiff's counsel, Defendant's counsel wrote, "It is my understanding according to an email from Spencer Bryan that the OSBI will be charging $45.00 per hour for an ODIS document search. I have responded to Mr. Bryan but not heard anything further regarding what procedure he would like to undertake to obtain these records. Please feel free to contact me with your instructions, intentions and requests." [Dkt. 127, Ex. 5, p. 2, ¶ 3]. On September 26, 2013, Defendant's counsel received a letter from Plaintiff's counsel containing the two separate searches requested and

6

the parameters of each.  (See Exhibit "3," letter from Spencer Bryan dated September 26, 2013).

   Defendant's counsel was out of his office from September 26-30, 2013 for his oldest daughter's wedding and was in Judicial Settlement Conference in this matter on October 2, 2013.  On October 4, 2013, Defendant's counsel sent Plaintiff's counsel a letter along with the draft of a letter to the OSBI regarding the keyword search indicated by Plaintiff's Counsel which includes the types of uses of force Plaintiff identified.  (Exhibit "4," letter to Spencer Bryan dated October 4, 2013, Exhibit "5," draft of letter to OSBI).  Within 20 minutes of sending the letter by email, Plaintiff's counsel responded by email, unspecifically and cryptically asking that the draft of the letter be forwarded to the OSBI.  (Exhibit "6," email received from Spencer Bryan dated October 4, 2013).  The letter to the OSBI / ODIS was mailed on October 8, 2013 along with a copy to Plaintiff's counsel.  Plaintiff's Motion to Compel was filed on October 8, 2013, but Plaintiff's counsel had already been provided with and approved the letter to the OSBI prior to filing his Motion to Compel.

   11.   Admitted.

   12.   A letter to the OSBI was prepared according to the parameters established by Plaintiff's counsel.  (*See* paragraph 10 above).  This letter has been subsequently provided to the OSBI.  Additionally, Plaintiff's attorney's letter dated August 7, 2013, states as follows with regard to workers compensation files,

>       (Request for Production No. 28) Regarding each Use of Force incident that involved an injury to an employee of the CCGBA. You agreed to look into and determine that number of worker's compensation claims dating back to January 1, 2007. To the extent that the number of worker's compensation claims for the last 6 years are not so voluminous as to make production extremely problematic, you agreed to provide same.
>       Also, much like No. 3 above, any additional reporting is going to hinge on the production of the ODIS records.

The OSBI / ODIS has not yet responded to the request for keyword search as established by Plaintiff's counsel.  The production of these records will assist is establishing any injuries received by staff at the hands of an inmate or arrestee.

## II.   ARGUMENT AND AUTHORITY

The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. The rules recognize the "affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed.R.Civ.P. 1 advisory committee's note (1993).  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1).  Rule 26(b) will not permit unlimited discovery. Rule 26(b)(1) permits discovery only of "[r]elevant information" and the discovery must "appear[ ] reasonably calculated to lead to the discovery of admissible evidence."  *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir., 2010).

The frequency or extent of use of the discovery methods otherwise permitted

under these rules and by any local rule shall be limited by the court if it determines that: ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2).

The district court, however, is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *Martinez v. Cornell Corrections of Texas*, 229 F.R.D. 215, (D.N.M. 2005) *citing McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir.2002)(unpublished opinion). *See Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7697, 2002 WL 1967023, at *2 (S.D.N.Y.2002)("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")(quotations omitted); *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 618 (D.D.C.1983)(noting that courts do, and should, remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests.")(quotation omitted). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995)(quotation omitted).

### A.     EXCESSIVE FORCE RECORDS

In his Request for Production No. 18, Plaintiff has requested Complaints of

excessive force committed by CCDC employees since January 1, 2007. Defendant has repetitively objected to the time and scope of Plaintiff's request as overlybroad and unduly burdensome.

It is important to point out that the incident for which Plaintiff has raised his claims of excessive force occurred on May 17, 2011. Yet Plaintiff has requested any Complaints of excessive force since January 1, 2007. In fact, the CCGBA did not open the Cherokee County Detention Center for use until January 12, 2007. Regardless, Defendant has agreed to limit its responses to January 1, 2009 until May 31, 2011. This encompasses over two years before the incident of which the Plaintiff is complaining in this matter.

Plaintiff claims he needs to go back in time over four years to "infer" that the CCGBA has implemented or endorsed a policy or practice of excessive force. However, Plaintiff's claim in this regard is nonsensical. A complaint regarding a use of force incident which happened in 2007 or even 2008 is irrelevant to any event which happened in 2011 as it is not closely related in time. If there are complaints of uses of force in 2007 or 2008 and none in 2009 to the time leading up to Plaintiff's claims in 2011, then this fact would support that the CCGBA had addressed any issues which happened in 2007 or 2008. The existence of a complaint in 2007 or 2008 regarding the use of force simply and clearly has no bearing or relevancy to a claim in 2011.

In the reverse, if there are no claims in 2007 or 2008, there certainly can be

no connection to the incident which occurred in 2011. There simply is no relevancy to the fact of no existing complaints regarding the uses of force occurring in 2007 and 2008 and any policy, practice or procedure of the CCGBA in 2011.

Complaints made of excessive force allegedly committed by CCDC employees are not kept or maintained by the fact that they are complaints or even by the nature of the complaint. However, staff at the CCDC have indicated that if complaints had been received they may be placed in the file of the inmate who made the complaint or in the personnel file of the employee against whom the complaint has been made. Defendant's counsel has asked Plaintiff's counsel numerous times for the names of particular inmates and employees for whom he wants their personnel or jail files searched. Plaintiff has not provided those names. However, Plaintiff has submitted requests for other records including the complete jail files of several inmates and personnel files of past and current employees. Relevant and timely records regarding those requests have been provided or are not otherwise yet due (See exhibits 1 & 2).

Additionally, the computer system used in the CCGBA is administered by the Oklahoma Data Information System (ODIS) which is a subdivision of the Oklahoma State Bureau of Investigation (OSBI). While admittedly, the servers, computers and information contained therein belongs to the CCGBA, employees for the CCGBA do not have the expertise to program or network those systems. The programming is performed by ODIS personnel. The only parameter that CCGBA employees have

to search for previous incident reports and records electronically is by the name of the inmate involved. At no time has the Plaintiff requested Defendant perform an electronic search for incident reports surrounding a use of force at the CCGBA by the name of a specific inmate or arrestee. Plaintiff's counsel is well aware of the search limitations of the ODIS network and has had numerous conversations with Defendant's counsel, ODIS employees as well as the general counsel for the OSBI In this regard.

Pursuant to the agreement of the parties, a keyword search has been submitted to the OSBI/ODIS in which ODIS technicians will program an operation to search all relevant records and glean those records which are responsive to the search requested <u>by Plaintiff's counsel</u>. This search has not been completed by the OSBI/ODIS. (See Response to Plaintiff's Statement of Undisputed Material Facts).

Plaintiff's request, as it now stands, would require personnel from the CCGBA to search through each document in each personnel record for every current and former employee to see if those files contain a complaint regarding excessive force. It would also require employees to search over 17,000 inmate files to see if any of those records contain a complaint submitted by an inmate. This request is simply over broad and unduly burdensome. The excessive nature of this request is further impacted by the knowledge of the OSBI/ODIS search being performed and at a minimum should be delayed until the documents from that search have been received.

Defendant respectfully requests that Plaintiff's Motion to Compel in this regard be denied.

### B.    BOOKING SHEETS

Plaintiff's Request for Production No. 25 asks, that since January 1, 2007, Defendant produce the book-in sheets for each arestee/inmate transported from the CCDC to a medical facility following a use of force incident involving CCGBA employees at the CCDC.  Defendant has objected to the request as it is not reasonably limited in time or scope, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the computer software utilized in the ODIS network does not provide a search parameter for incident reports for those inmates who have been taken to a medical facility, but only by the name of the individual.

Once again, we are awaiting documents of incident reports to be provided by ODIS/OSBI which may be responsive to this request.  There simply is no record which readily is searchable for responsive documents.  However, Defendant has provided Plaintiff with numerous records of inmates who have been incarcerated at the CCDC when those records were relative in time and specifically requested by name.  Once the requested documents are received from the OSBI/ODIS, if there are references to the transportation of inmates to a medical facility then those booking records can be identified and provided.

Currently the jail maintains a daily handwritten tower log.  This is maintained

by the jail employee assigned to work in the tower. The purpose of the tower log is to keep track of all inmate movements within the facility. The tower log may reflect that an inmate has been transported to a medical facility; however, it will not have references to a use of force incident and will not indicate whether an inmate was taken to a routine medical exam, dental exam, follow up, etc. Plaintiff's counsel has not requested the tower logs previously.

Plaintiff's request in its current format would require that an employee review every line of every daily tower log to see if it references an inmate being transferred or taken to a medical facility or doctor's office. Then the employee would have to research each inmates' physical file and electronic reports to see if there was any possible correlation between the medical visit and a purported or possible use of force. If there is some relationship, no matter how distant or improbable, the employee would then have to print the booking sheet for the inmate. This process is far too burdensome and time consuming. This is particularly true since the anticipated incident reports from the OSBI/ODIS should reference whether or not an inmate was medically treated following an incident. Plaintiff's Motion to Compel should be denied.

### C.   WORKER'S COMPENSATION FILES

Plaintiff can point to no Request for Production of Documents wherein he requested the Worker's Compensation files of any employee of the CCGBA. Plaintiff's Request for Production No. 28 asks, Since January 1, 2007, each incident

report memorializing a use of force incident at the CCDC involving an injury to an employee of the CCGBA. As referenced earlier, this request should be limited in time and scope. Furthermore, since the Plaintiff has requested "incident reports" it seems as though Plaintiff's request is pre-mature as Plaintiff is well-aware of the letter sent to OSBI/ODIS and the keyword search which is being undertaken. Finally, if the Plaintiff is serious about obtaining this records, then he may obtain them directly from the Worker's Compensation Court. Plaintiff's Request should be summarily denied.

WHEREFORE, premises considered, Defendant Cherokee County Governmental Building Authority submits this Response to Plaintiff's Motion to Compel and requests the Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

COLLINS, ZORN, & WAGNER, P.C.

By: s/ Stephen L. Geries
Chris J. Collins, OBA No. 1800
Stephen L. Geries, OBA No. 19101
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: Steve@czwglaw.com
cjc@czwglaw.com

ATTORNEYS FOR DEFENDANT
CHEROKEE COUNTY
GOVERNMENTAL BUILDING
AUTHORITY

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2013, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: D. Mitchell Garrett, J. Spencer Bryan, Steven J. Terrill, Robert S. Lafferrandre, and Randall J. Wood.

                                      <u>s/ Stephen L. Geries</u>
                                      Stephen L. Geries