IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIEL BOSH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CHEROKEE COUNTY** )<br>**GOVERNMENTAL BUILDING** )<br>**AUTHORITY,** *et al*, )<br>)<br>**Defendants.** ) | Case No. 11-CV-376-JHP |

**OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Compel Responses from Defendant Cherokee County Governmental Building Authority ("CCGBA"), [Doc. No. 127], and Plaintiff's Motion to Compel Responses from Defendants Chronister and Girdner, [Doc. No. 128]. After review of the briefs, and for the reasons stated below, Plaintiff's Motion to Compel Responses from CCGBA is **GRANTED** in part, and Plaintiff's Motion to Compel Responses from Defendants Chronister and Girdner is **GRANTED** in part.

**BACKGROUND**

Plaintiff commenced this action against Defendants CCGBA, Chronister, and Girdner on September 29, 2011, asserting various claims stemming from an incident on May 17, 2011, at the Cherokee County Detention Center ("CCDC"). CCGBA subsequently moved to dismiss all claims asserted against it by Plaintiff. [Doc. No. 45]. On August 30, 2012, the Court denied CCGBA's Motion to Dismiss, [Doc. No. 78], and certified questions of law to the Oklahoma Supreme Court, [Doc. No. 79]. The Court's August 30, 2012 Order clearly explained that "[a]s at least one of Plaintiff's claims against [CCGBA] has survived the Defendant's Motion to

Dismiss, discovery in this matter should proceed forthwith." [Doc. No. 78, 10].  Then, after the Oklahoma Supreme Court answered the certified questions of law, a Status and Scheduling Conference was held on July 11, 2013, after which the Court entered the Second Amended Scheduling Order, [Doc. No. 106].  The Second Amended Scheduling Order provides for a discovery deadline of March 7, 2014. [*Id.*]   As such, at the time discovery concludes, the parties will have been afforded nearly two and one-half years of discovery in this action.

In the meantime, a dispute has arisen regarding the defendants' alleged failure to adequately respond to Plaintiff's discovery requests.  On October 8, 2013, Plaintiff simultaneously filed a Motion to Compel Responses from CCGBA, [Doc. No. 127], and a Motion to Compel Responses from Defendants Chronister and Girdner, [Doc. No. 128].  These motions are now fully briefed and before the Court.

## Discussion

Pursuant to Fed. R. Civ. P. 37(a)(3), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia,* "a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34 ."

In a federal civil proceeding, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1).  For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1988), such that a trial

becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).

Nonetheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" does not fall within the scope of Rule 26(b)(1).

Furthermore, even if a discovery request seeks relevant information or material, a party served with that request may object on such grounds as: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections." *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003). Instead, "[t]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*

Ultimately, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be

compelled." *Yancey v. Hooten,* 180 F.R.D. 203, 207 (D. Conn. 1998) (citations, internal quotation marks, and punctuation omitted).

**A. Plaintiff's Motion to Compel Responses from CCGBA**

**1. Excessive Force Records**

Plaintiff seeks to compel production of all complaints of excessive force committed by CCDC employees since January 1, 2007. Plaintiff argues these records are relevant to his allegations that (1) CCGBA is liable for implementing a policy or practice at the CCDC that permitted the use of excessive force on inmates and arrestees such as Plaintiff, and (2) CCGBA is liable in its supervisory capacity for failing to take reasonable steps to address incidents of excessive force. CCGBA objects on the grounds that Plaintiff's request is overly broad and unduly burdensome. After considering the parties' briefing on the matter, the Court finds that the primary issue is one of proportionality.

Rule 26(b)(2), authorizes the imposition of numerical limits on the use of discovery devices and requires the Court to limit discovery to what is proportionate to the needs of the case. More specifically, Rule 26(b)(2)(C) instructs courts to limit discovery to the extent that "the burden or expense of the proposed discovery outweighs its likely benefit." Further, the following non-exclusive list of factors that should be considered is set out in Rule 26(b)(2)(C)(iii): "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Here, the Court finds that discovery should *initially* be limited to complaints of excessive force committed by CCDC employees since January 1, 2009. If Plaintiff obtains sufficient evidence of a pattern or practice of permitting the use of excessive force on inmates and arrestees

as a result of this limited discovery, then the Court may permit broader discovery on the subject. Accordingly, subject to the limitations outlined above, Plaintiff's Motion to Compel responses to Document Request No. 15 and Interrogatory No. 8 is granted.

**2. Booking Sheets**

Plaintiff seeks to compel production of booking sheets of inmates and arrestees who were transported for medical care following a use of force incident since January 1, 2007. Plaintiff argues these records are "reasonably calculated to lead to the discovery of admissible evidence regarding patterns and practices of jailers at CCDC regarding the use of excessive force, the identities of jailers accused of excessive force, and whether these particular inmates reported the use of force, and if so, to whom." [Doc. No. 127, 9]. CCGBA objects on the grounds that Plaintiff's request is not reasonably limited in time and scope, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Again, the Court finds Plaintiff's request, although relevant and reasonably likely to lead to admissible evidence, must be properly limited pursuant to Rule 26(b)(2)(C). Therefore, the Court finds that discovery should *initially* be limited to booking sheets of inmates and arrestees who were transported for medical care following a use of force incident since January 1, 2009. If Plaintiff obtains evidence sufficient relevant evidence as a result of this limited discovery, then the Court may permit broader discovery on the subject. Accordingly, subject to the limitations outlined above, Plaintiff's Motion to Compel a response to Document Request No. 25 is granted.

**3. Worker's Compensation Files**

Plaintiff seeks to compel production of Worker's Compensation files identifying jailers injured during a use of force event. CCGBA argues that Plaintiff is attempting to obtain

discovery for which it failed to properly request. Plaintiff's Document Request No. 28 requests the following documents:

> Since January 1, 2007, each incident report memorializing a use of force incident at the CCDC involving an injury to an employee of CCGBA.

[Doc. No. 127, Ex. 1 at 6-7]. The Court finds the Worker's Compensation files of CCGBA employees injured during a use of force incident are responsive to Document Request No. 28. In addition, the Court finds CCGBA's argument that this request should be limited in time and scope unpersuasive and unsupported. Accordingly, Plaintiff's Motion to Compel production of Worker's Compensation files identifying jailers injured during a use of force event is granted.

**B. Plaintiff's Motion to Compel Responses from Defendants Chronister and Girdner**

**1. Facebook Information**

Plaintiff seeks production of notes and diaries prepared by Defendant Chronister regarding the May 17, 2011 incident at the CCDC. The Court finds information shared or transmitted through Defendant Chronister's Facebook social media account regarding the allegations to be properly encompassed in Plaintiff's Document Request No. 2. Further, the Court finds the materials requested to be properly discoverable. Accordingly, Plaintiff's Motion to Compel production of all notes, messages, and other data or information regarding the incident alleged in the Complaint or the injuries claimed in this lawsuit is granted.

The Court declines, however, to grant Plaintiff's request for expansive discover of Defendant Chronister's Facebook page. In his brief, Plaintiff seeks the following additional relief:

> To ensure compliance with this Order, and because Defendant [Chronister] may selectively produce some records while withholding others, Plaintiff respectfully requests the Court's order compel [Defendant] Chronister to produce any profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activities streams, blog entries), pictures, and social media applications that reveal, refer, or relate to the Bosh incident[,] the investigations,

>any other assault, or investigation regarding the use of excessive force, and any communications with other present or former employees at the CCDC that reveal, refer, or relate to events that could reasonably be expected to touch upon a use of force event.

[Doc. No. 128, 9]. Plaintiff's request appears to be a thinly veiled attempt to gain permission to embark on a "fishing expedition" into Defendant Chronister's Facebook information. While the Court is sensitive to Plaintiff's concerns regarding compliance with this Order, Plaintiff has presented the Court with no reason to believe Defendant Chronister or his counsel of record, who is an officer of this Court in good standing, will neglect their legal or ethical obligations to faithfully comply with this Court's orders. Therefore, Plaintiff's request for additional Facebook discovery is denied.

**2. Use of Force Incidents**

Plaintiff seeks to compel a response to Interrogatory No. 15, which requests descriptive information regarding all prior use of force incidents involving Defendants Girdner and Chronister. Defendants object on the basis that the request is overly broad, unduly burdensome, vague, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. The Court has carefully considered the arguments of counsel and addresses each below.

At the outset, the Court finds that the information sought is relevant and likely to lead to the discovery of admissible evidence. As CCGBA is a party to this lawsuit, the Court finds Defendants' arguments regarding the inadmissibility of such evidence pursuant to Fed. R. Evid. 404(b) unpersuasive. In this action, evidence of prior or subsequent use of force incidents by Defendants Girdner and Chronister is admissible to support Plaintiff's claims against CCGBA.

Next, the Court must address Defendants' argument that the phrase "use of force incident" is without sufficient clarity. "The party objecting to discovery as vague or ambiguous

7

has the burden to show such vagueness or ambiguity." *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Services, Inc.,* 168 F.R.D. 295, 310 (D. Kan. 1996)). "A party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.'" *Id.* Here, common sense dictates that a "use of force incident" is limited to those incidents that should normally be documented by CCGBA employees in an incident report.

The Court finds Defendants' contentions regarding the scope and breadth of the Interrogatory No. 15 persuasive. As outlined above, there must be some limitation on discovery directly related to establishing Plaintiff's claims against CCGBA, which, at least at this time, appears to be the primary purpose of the evidence sought by Interrogatory No. 15. Thus, the Court finds that discovery should *initially* be limited to prior use of force incidents involving Defendants Girdner and Chronister since January 1, 2009. If Plaintiff obtains evidence sufficient relevant evidence as a result of this limited discovery, then the Court may permit broader discovery on the subject. Accordingly, subject to the limitations outlined above, Plaintiff's Motion to Compel a response to Interrogatory No. 15 is granted.

### 3. Limited Access to Medical Records

Plaintiff seeks a limited medical authorization in order to gain access to Defendant Girdner's medical records as they relate to an injury to Defendant Girdner's hand on June 16, 2010. Defendant Girdner objects, contending that this evidence has no relevance to any issues in this action and is not reasonably calculated to lead to the discovery of admissible evidence. After careful consideration of the circumstances of this case, the Court finds that Plaintiff's Motion to Compel a limited medical authorization entitling Plaintiff to Defendant Girdner's

medical records as they relate to an injury to Defendant Girdner's hand on June 16, 2010, is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Responses from CCGBA is **GRANTED** in part, and Plaintiff's Motion to Compel Responses from Defendants Chronister and Girdner is **GRANTED** in part. It is further ordered that this discovery must be produced on or before **January 10, 2014**.

Dated this 22nd day of November, 2013.

James H. Payne
United States District Judge
Eastern District of Oklahoma