# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL BOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-CV-376-JHP |
| CHEROKEE COUNTY ) | |
| GOVERNMENTAL BUILDING ) | |
| AUTHORITY, *et al*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Mr. N. Jackson Thorp's Objection and Motion to Quash or Modify Subpoena, or For Protective Order (Doc. No. 137). On December 24, 2013, Plaintiff sent a subpoena seeking documents and deposition testimony via electronic mail to Mr. Thorp, who is the First Assistant District Attorney for District 27 of the State of Oklahoma. In addition to Mr. Thorps testimony, the subpoena seeks documents relating to the Cherokee County District Attorney's investigation of the assault of Mr. Bosh at the Cherokee County Detention Center on May 17, 2011. (*See* Doc. No. 137, Ex. 1.). On December 31, 2013, Mr. Thorp filed his Objection and Motion to Quash or Modify Subpoena, or For Protective Order, wherein he argues (1) the subpoenaed testimony and records are irrelevant to Plaintiff's claims; and (2) the deliberative process privilege and attorney work product doctrine protect against discovery of Thorp's mental processes, advisory opinions, recommendations and deliberations regarding predecisional reviews.

After consideration of the parties' arguments, the Court finds that Mr. Thorp must produce the documents requested in the subpoena, which seeks production of "[a]ll documents

reviewed by [the] Cherokee County District Attorney's office in consideration of prosecution of CCGBA employees in the alleged abuses of Plaintiff … ." (*Id.*) The Court finds the documents sought relevant to the claims asserted in this action as set out in Fed. R. Civ. P. 26(b)(1), and furthermore, not protected by any evidentiary privileges. *See Seabolt v. City of Muskogee*, 2008 WL 2977865 (E.D. Okla. July 30, 2008). With regard to the deposition testimony sought by Plaintiff, the Court finds it to be cumulative and unduly burdensome in light of the documents that will be produced pursuant to the subpoena. Unless Plaintiff can demonstrate that the evidence sought may not be obtained from the documents produced, the Court sees no reason to require a non-party to be deposed in order to obtain the same information.

Accordingly, Mr. Thorp's Objection and Motion to Quash or Modify Subpoena, or For Protective Order (Doc. No. 137) is **GRANTED in part and DENIED in part**. The documents requested in the subpoena dated December 24, 2013, shall be produced according to the terms of the subpoena. Further, the subpoena dated December 24, 2013, is hereby modified to eliminate the requirement that Mr. Thorp appear and provide deposition testimony.

**IT IS SO ORDERED** this 29th day of January, 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma