## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | DANIEL BOSH, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| vs. | | ) | Case No. CIV-11-376-JHP |
| | | ) | |
| (2) | CHEROKEE COUNTY | ) | |
| | GOVERNMENTAL BUILDING | ) | |
| | AUTHORITY, et al. | ) | |
| | | ) | |
| | Defendants. | ) | |

---

## DEFENDANT CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY'S
## MOTION TO COMPEL AND BRIEF IN SUPPORT

---

Stephen L. Geries, OBA No. 19101
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:       Steve@czwglaw.com
             czwg@czwglaw.com

Attorney for Defendant
Cherokee County Governmental Building
Authority

March 7, 2014

## TABLE OF CONTENTS

**PAGE(S)**

TABLE OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ARGUMENT AND AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SPECIFIC DEFICIENCIES IN PLAINTIFF'S INTERROGATORY
RESPONSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    INTERROGATORY NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    INTERROGATORY NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    INTERROGATORY NO. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    INTERROGATORY NO. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    INTERROGATORY NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    INTERROGATORY NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    INTERROGATORY NO. 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    INTERROGATORY NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    INTERROGATORY NO. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    INTERROGATORY NO. 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    INTERROGATORY NO. 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    INTERROGATORY NO. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    INTERROGATORY NO. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    INTERROGATORY NO. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SPECIFIC DEFICIENCIES IN PLAINTIFF'S RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS . . . . . . . . . . . . . . . . . . . . 17

REQUESTS FOR PRODUCTION NOS. 5, 31, 32 AND 33 . . . . . . . . . . . . . . . . . 17

REQUEST FOR PRODUCTION NO. 6  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

REQUESTS FOR PRODUCTION NOS. 11, 12, 17 AND 18  . . . . . . . . . . . . . . . . . .  19

REQUESTS FOR PRODUCTION NOS. 19, 20, 21, 22, 26, 34 AND 35  . . . . . . . . .  20

REQUEST FOR PRODUCTION NO. 29  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

## TABLE OF EXHIBITS

Exhibit 1:    Defendant's First Set of Interrogatories to Plaintiff

Exhibit 2:    Defendant's Requests for Production of Documents to Plaintiff

Exhibit 3:    Plaintiff's Response to Defendant Cherokee County Governmental Building
Authority's First Set of Interrogatories to Plaintiff

Exhibit 4:    Plaintiff's Response to Defendant Cherokee County Governmental Building
Authority's Requests for Production of Documents to Plaintiff

Exhibit 5:    Letter to Plaintiff's counsel

## <u>TABLE OF AUTHORITIES</u>

**<u>CASES</u>**                                                                                                    **PAGE(S)**

*Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637 (D.Kan.2003) . . . . . . . . . . . . . .  4

*McCoo v. Denny's, Inc.*, 192 F.R.D. 675 (D.Kan.2000) . . . . . . . . . . . . . . . . . . . . . . .  4

*Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649 (D.Kan.2004) . . . . . . . . . . . . . . .  4

*Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25 (D.Kan.1991) . . . . . . . . . . .  5

*Snowden By and Through Victor v. Connaught Lab.*,
     137 F.R.D. 325 (D.Kan.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Teichgraeber v. Memorial Union Corp. of Emporia State University*,
     932 F.Supp. 1263 (D. Kan. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

**<u>RULES</u>**

LCvR 7.1 (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

LCvR 26.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

LCvR 37.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Rule 26(b)(1) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . .  3, 4, 12

Rule 33(b)(5) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . .  2

Rule 37 of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 23

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  DANIEL BOSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-376-JHP |
| | ) | |
| (2)  CHEROKEE COUNTY | ) | |
| GOVERNMENTAL BUILDING | ) | |
| AUTHORITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY'S
## MOTION TO COMPEL AND BRIEF IN SUPPORT

Defendant Cherokee County Governmental Building Authority ("Defendant"), moves the Court to enter an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling the Plaintiff to respond to Defendant's Discovery Requests in the above referenced matter.  Defendant submits this Motion for the following reasons:

1.      Defendant previously issued and properly served on the Plaintiff its First Set of Interrogatories and Requests for Production of Documents. (Pursuant to LCvR 37.1, *see* Exhibit "1," copy of Defendant's First Set of Interrogatories to Plaintiff and Exhibit "2," Defendant's Requests for Production of Documents to Plaintiff).

2.      Plaintiff timely responded to Defendant's Discovery Requests on February 20, 2014.  (Pursuant to LCvR 37.1, *see* Exhibit "3," Plaintiff's Response to Defendant Cherokee County Governmental Building Authority's First Set of Interrogatories to Plaintiff and Exhibit "4," Plaintiff's Response to Defendant Cherokee County Governmental Building Authority's Requests for Production of Documents to Plaintiff).

3.      Plaintiff's responses to Defendant's interrogatories were not signed by the

Plaintiff pursuant to Rule 33(b)(5) of the Federal Rules of Civil Procedure and contained no verification endorsed by the Plaintiff.

4.      On February 24, 2013, Defendant's counsel and Plaintiff's counsel met following a hearing on another matter associated with this case.  During this meeting, Plaintiff's discovery responses were discussed and Plaintiff's counsel acknowledged that neither Plaintiff's signature nor verification was attached to the interrogatory responses but indicated it would be forthcoming.  Plaintiff's signature and verification on the interrogatory responses has not yet been received.  Plaintiff's counsel also requested that Defendant specifically identify any other perceived deficiencies in Plaintiff's responses and followed this discussion with a letter the following day.

5.      On March 3, 2014, Defendant's counsel sent Plaintiff's counsel an email which was followed with an identical letter that listed the deficiencies in Plaintiff's discovery responses.  (Exhibit "5," letter to Plaintiff's counsel).  In this letter Defendant's counsel identified the deficiencies in Plaintiff's discovery responses which were in addition to those previously discussed during the February 24th meeting.

6.      On March 4, 2014, Defendant's counsel was in deposition with Plaintiff's counsel at Plaintiff's counsel's office.  Before the deposition began and during the breaks, Plaintiff's counsel mentioned Defendant's letter and indicated he would be working to provide a response and supplementation on March 7th.  Plaintiff's counsel indicated that Plaintiff would supplement the responses, but Defendant may not be completed satisfied with the supplemental responses.  Plaintiff's counsel did not discuss the discovery responses further nor did he ask for clarification on Defendant's identification of deficiencies.

2

7.     On March 6, 2014, Plaintiff's counsel and Defendant's counsel had a lengthy meeting following the deposition of one of Plaintiff's medical providers during which each of Defendant's contentions and deficiencies were discussed in great length.  During this discussion Plaintiff's counsel agreed to supplement, to the best of his ability and information, most of Defendant's identified deficiencies in Plaintiff's discovery responses. However most, if not all, of Plaintiff's anticipated supplemental responses will not be provided until after the discovery deadline on March 7th.  Because those discovery supplements have not yet been received and because counsel for both parties will be at the Cherokee County Detention Center for an inspection of the facility on the discovery deadline, Defendant is proceeding with the filing of its Motion to Compel in order to preserve those issues.

8.     Pursuant to LCvR 7.1 (g) counsel for the parties have met on three occasions in which discussions were held regarding Plaintiff's deficient discovery responses. Plaintiff's counsel has sent a letter to Defendant's counsel asking that specific deficiencies be identified and Defendant's counsel responded with a letter outlining those deficiencies. Following receipt of Defendant's counsel's letter and after the third of these meetings, Plaintiff's counsel indicated he was working to provide supplemental responses.  However, those supplemental responses have not been received.  Defendant's counsel anticipates that Plaintiff's counsel will supplement Plaintiff's responses; unfortunately, the looming discovery deadline is March 7, 2014..

### Argument and Authority

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or

3

defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan.2004) (citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan.2003) (citation omitted). A party resisting discovery on the ground that the requests are overly broad has the burden of supporting its objection, unless the request is overly broad on its face. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D.Kan.2000).

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant

4

if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

<u>**Specific deficiencies in Plaintiff's Interrogatory responses**</u>

**Interrogatory No. 3**

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 3:

**INTERROGATORY NO. 3:**        Please identify each and every medication which you were prescribed at the time of your booking into the Cherokee County Detention Center, including the name of each medication, the date each medication was first prescribed, the name, address and specialty of each prescribing physician, the dosage, and the condition which each medication treats.

<u>**RESPONSE TO INTERR. NO. 3:**</u>

Lortab, .5/325 mg
Valium, 10mg

(See Ex. 3, p. 4). This response is deficient because Plaintiff has failed to identify the date each of these medications was first prescribed, the name, address and specialty of each prescribing physician and the condition which each medication treats. Plaintiff has been requested to supplement his answer to this interrogatory in full; however, Plaintiff has objected to this request for supplementation based upon his assertion that this information

is provided in Plaintiff's medical documents which have been provided to Defendant's counsel. Plaintiff's objection is hypocritical since Plaintiff filed a Motion [Dkt. 128 and 133] and received an Order [Dkt. 134] against Co-Defendant's Girdner and Chronister for their failure to supplement Plaintiff's interrogatory regarding previous use of force incidents when the same information was available to the Plaintiff's counsel through incident reports previously provided by the CCGBA. Plaintiff has failed to adequately supplement this response.

### Interrogatory No. 4

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 4:

**INTERROGATORY NO. 4:**      Please identify each and every practice, custom, or policy of Cherokee County Detention Center which you believe violated your rights and caused you to suffer some injury or damage and state how each such practice, custom or policy violated your rights or caused you to suffer some injury or damage.

### RESPONSE TO INTERR. NO. 4:

Please refer to the second amended complaint. See Defendant's responses to written discovery. Plaintiff reserves the right to amend as discovery is ongoing.

(See Ex. 3, p.4). Plaintiff has failed to completely respond to Defendant's Interrogatory No. 4. Plaintiff has not identified any practices, customs or policies of the Cherokee County Detention Center with any specificity, nor has Plaintiff stated how each such practice, custom or policy violated his rights or caused him to suffer some injury or damage. Plaintiff's response also fails to specifically provide adequate references to the second

6

amended complaint or Defendant's responses to written discovery such that Defendant may rely on his response.  Please has been asked to clarify this response and provide a complete and clear response; however, Plaintiff has failed to provide any supplemental response.

## Interrogatory No. 5

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 5:

**INTERROGATORY NO. 5:**       State with specificity each and every item of damage, **including amounts**, claimed in your Second Amended Complaint, identify for each alleged item of damage the action or inaction of each Defendant you allege caused the damage, including, if any,  the persons with their addresses and telephone numbers, you anticipate will testify as to each respective item of alleged damage.

**RESPONSE TO INTERR. NO. 5:**

Plaintiff received a burst fracture to his spine in L1 region, resulting in a 10 level fusion of his back.  Plaintiff intends to testify consistent with his deposition testimony.  Damages will be calculated and awarded by a jury. Additionally please see medical bills produced form medical providers. Plaintiff reserves the right to amend as discovery is ongoing Plaintiff will supplement with hardware explanation bills when received. Plaintiff reserves the right to amend as discovery is ongoing.

(See Ex. 3, pp.4-5). Plaintiff has failed to supplement this interrogatory as indicated in the response.  Plaintiff has been requested to supplement with the referenced "hardware explanation bills" instanter, but has not yet done so.  Additionally, Plaintiff has failed to identify the related action or inaction of each Defendant he alleges caused the damage along with the persons and their addresses and telephone numbers whom he anticipates

7

will testify as to each respective item of damage.

## Interrogatory No. 6

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 6:

**INTERROGATORY NO. 6**:        Identify any writing, document or other piece of potential evidence that you believe supports each claim in your Second Amended Complaint.

> **RESPONSE TO INTERR. NO. 6:** There is a video of the excessive force used on Plaintiff.  See final witness and exhibit list.  Plaintiff reserves the right to amend as discovery is ongoing.

(See Ex. 3, p.5).  Plaintiff has referred to his final witness and exhibit list as a response to Interrogatory No. 6. [Dkt. 148 and 149] .  However, Plaintiff's final witness and exhibit lists (as previously filed) are vague, ambiguous and fail to adequately describe the evidence claimed or identify the witness testimony.  In fact, Plaintiff's witness list has swelled to over 140 witnesses, several of which are reported to be deceased.  Plaintiff has been requested to supplement and clarify his response so that it may be relied upon by Defendant in preparation of trial.

## Interrogatory No. 8

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 8:

**INTERROGATORY NO. 8:**        Please identify any and all witnesses to any of the allegations you have set forth in your Second Amended Complaint.  In responding to this Interrogatory, please provide the following for each witness:

a.    Name;

b.    Address;

c.    What you understand the witnesses knowledge to be regarding your lawsuit.

> **RESPONSE TO INTERR. NO. 8:** Plaintiff objects to this interrogatory as Discovery is still ongoing. Plaintiff reserves the right to supplement. See final witness and exhibit list.

(See Ex. 3, p. 6). Plaintiff's interrogatory response is evasive and does not adequately provide the name, address and witnesses knowledge as requested. In fact, Plaintiff has listed over 140 witnesses in his "Final Witness List" [Dkt. 148] and for the vast majority of those witnesses, Plaintiff has identified their anticipated testimony to be "Facts as stated in Amended Complaint, observations at the CCDC, CCDC procedure, complaints, use of force." Plaintiff has also listed many of the witnesses in care of Defendant's counsel improperly. Plaintiff has refused to supplement his witness or exhibit list and indicated that he will identify and clarify those witnesses on March 24, 2014 with a new witness and exhibit list pursuant to Court Order. Plaintiff's vague response greatly and extremely is prejudicial to the Defendant. This is particularly crucial as Plaintiff's final witness list has swelled to an exorbitant number and there is no way for the Defendant to explore, interview and/or depose these witnesses given the late date of their limited revelation.

### Interrogatory No. 9

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 9:

**INTERROGATORY NO. 9:**       For Defendant Cherokee County Governmental Building Authority, please state, with specificity, the actions or inactions of the Defendant

which you allege violated your rights or caused you an injury as stated in the Second Amended Complaint, including the dates and times of each such action or inaction, how each such action or inaction violated your rights or caused you injury, and identifying each civil right, under each Constitutional Amendment, which you claim was violated by each such action or inaction.

> **RESPONSE TO INTERR. NO. 9:** See second amended complaint. Defendant has violated plaintiff's Fourth and Fourteenth Amendment of the US Constitution during his period of incarceration of 05/17/2011 to 05/19/2011 and ongoing. Defendant has violated plaintiff's Article 2, Section 30 of the rights Oklahoma Constitution during his period of incarceration of 05/17/2011 to 05/19/2011 and ongoing. Plaintiff reserves the right to amend as discovery is ongoing.

(See, Ex. 3, pp. 6-7). Plaintiff's interrogatory response is evasive and ambiguous. Plaintiff has failed to state, with specificity, the actions or inactions of the Defendant which he alleges has violated his rights or caused him injury. Plaintiff has further failed to identify the times of any such action or inaction, how each such action or inaction violated his rights or caused him injury. Plaintiff has been requested to supplement this response, but thus far has failed to do so.

## Interrogatory No. 10

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 10:

**INTERROGATORY NO. 10:**      Aside from your court filings in this lawsuit, please state with specificity each and every action you have taken to either formally or informally resolve your problem(s) as alleged in the Second Amended Complaint, including the date of each action, the official or other person to whom each action was directed, the response

10

to each action, and identifying any witnesses to each action.

> **RESPONSE TO INTERR. NO. 10:** Objection, question overly broad and vague. If defendant will clarify what is meant by the action of "resolve your problem" outside the lawsuit, Plaintiff will attempt to provide an answer. Plaintiff reserves the right to amend as discovery is ongoing.

(See Ex. 3, p. 7). In response to his objection it has been explained to Plaintiff's counsel that "resolve your problem" in this context means that Defendant is requesting (aside from filings this lawsuit) that Plaintiff identify with specificity each and every action he has taken to either formally or informally resolve or settle his problems, contentions, allegations, injury, damages, or claims identified in his second amended complaint. Plaintiff's response should include the date he undertook any action and the identity of the official or other person to whom each action was directed, the response to each action and any witnesses to any action undertaken by the Plaintiff. During the discussions with Counsel, Defendant has also suggested Plaintiff provide dates of any written requests, complaints, grievances, requests to staff and medical requests. Plaintiff has failed to supplement this response.

### Interrogatory No. 11

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 11:

**INTERROGATORY NO. 11:**     Please state the name, address and telephone number of each and every person who has knowledge of any of the allegations contained in Plaintiff's Second Amended Complaint, whether Plaintiff intends to call such person as a witness in this case or not, and give a brief synopsis of what Plaintiff understands each person's knowledge of the incident to be.

> **RESPONSE TO INTERR. NO. 11:** See final wittiness and exhibit list.

Plaintiff reserves the right to amend as discovery is ongoing.

(See Ex. 3, p. 7).  Plaintiff's response to interrogatory no. 11 is gravely insufficient, vague and ambiguous and similar to other responses of the Plaintiff in that it refers generally to the contents of Plaintiff's final witness and exhibit lists.  Plaintiff's final witness list has swelled to a bloated 141 witnesses, most of which identify their potential testimony as "facts and circumstances regarding interactions at the CCDC with CCGBA employees; conversations with same; injuries."  Plaintiff's response does not reasonably specify the topics which such persons have information and does not assist the parties in deciding which deposition may be needed.  In fact, at least three of the identified witnesses are deceased.  Plaintiff has failed to adequately respond to this interrogatory and has further violated Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff's counsel is now refusing to supplement or clarify Plaintiff's witness and exhibit lists and indicated that if Defendants don't like it they can "take it up with the Judge."

### Interrogatory No. 14

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 14:

**INTERROGATORY NO. 14:**      Has Plaintiff, or anyone on Plaintiff's behalf taken, obtained or have knowledge of a written, oral, or recorded statement of any individual purporting to have knowledge of any of the allegations in Plaintiff's Second Amended Complaint?  If so, as to each statement, and as to each such individual, state the identity of the individual whose statement was taken, the identity of the individual who was taking the statement (whether written or recorded), and the verbatim content of the statement or,

alternatively, attach a copy thereof to Plaintiff's answers to these interrogatories.

**RESPONSE TO INTERR. NO. 14:** Objection.  Work Product.
**Privilege Log:**

| Name | Date | Document | Prepared By | Received By | Other Participants |
|------|------|----------|-------------|-------------|--------------------|
| Former CCGBA Employee | January 20, 2014 | Declaration | Plaintiff's Counsel | Plaintiff's Counsel | none |
| Former Inmate | April 16, 2012 | Affidavit | Plaintiff's Counsel | Plaintiff's Counsel | none |
| Former Inmate | April 16, 2012 | Verification | Plaintiff's Counsel | Plaintiff's Counsel | none |
| Former CCGBA Employee | January 29, 2013 | Verification | self | Plaintiff's Counsel | none |

(See Ex. 3, pp. 8-9).    Plaintiff has improperly claimed privilege in responding to
Defendant's Interrogatory No. 14.  Plaintiff has further failed to identify the individuals
taking the statements, the individual whose statement was taken and has further failed to
provide the verbatim content of the statement of provide a copy thereof as requested in the
interrogatory.  Defendant has requested Plaintiff provide said statements instanter.  At a
minimum, Plaintiff has also failed to provide the information required by LCvR 26.2(a)
because he did not identify the general subject matter of the document and each recipient
of the document.

13

**Interrogatory No. 20**

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 20:

**INTERROGATORY NO. 20**:     Please identify each occasion you have been incarcerated in the Cherokee County Detention Center. Please include in your Answer the dates when you were incarcerated, the reason for the incarceration and the name, address and telephone number of all cell and pod mates.

**RESPONSE TO INTERR. NO. 20:**

06/09/2013 violation of probation
01/23/2013 B&E burglary
05/17/2011 nonpayment of court cost

See deposition testimony and exhibits.

(See, Ex. 3, p. 11). Plaintiff has failed to identify the name, address and telephone numbers of all cell and pod mates as requested. Plaintiff's counsel has indicated that Plaintiff can not remember the cell and pod mates, but yet has failed to supplement or verify that assertion.

**Interrogatory No. 22**

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 22:

**INTERROGATORY NO. 22:**     For each time you have requested health care treatment from the staff of the Cherokee County Detention Center, please identify the date you requested the treatment, how you requested the treatment, who you requested the treatment from, what treatment you requested and the response.

14

**RESPONSE TO INTERR. NO. 22:**
05/17/11 verbal, CCGBA detention officer, no treatment given
05/18/11 verbal, CCGBA detention officer, no treatment given
05/19/11 verbal, CCGBA detention officer, transported to Tahlequah City
Hospital and later transferred to Hillcrest Hospital in Tulsa, OK

(See Ex. 3, p. 12). Plaintiff has identified three occasions in which he alleges he requested

health care treatment from the staff of the Cherokee County Detention Center; however

Plaintiff has failed to identify who he requested the treatment from, what treatment he

requested and the response to his request. Plaintiff has not supplemented this response.

### Interrogatory No. 23

On February 20, 2014, Plaintiff's counsel provided the following response to

Defendant's Interrogatory No. 23:

**INTERROGATORY NO. 23:**     Please describe and identify any and all

information you have obtained regarding your belief that CCGBA employees have

continually used the shower to assault arrestees dating back to when the facility opened

in 2007 as alleged in numerical paragraph 12 of Plaintiff's Second Amended Complaint.

**RESPONSE TO INTERR. NO. 23:** See incident reports produced by OSBI.

(See, Ex. 3, p. 12). Plaintiff has wholly failed to respond to this interrogatory. Plaintiff's

claim is outrageous and none of the depositions have revealed any information similar to

this claim. Instead of providing even one incident responsive to this claim Plaintiff has

instead referred Defendant to the incident reports produced by the OSBI which amounts

to approximately 4,000 pages. Plaintiff has not supplemented this response accordingly

with specific instances and occasions to which Plaintiff is referring.

15

### Interrogatory No. 24

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 24:

**INTERROGATORY NO. 24:**        Please describe in complete detail any and all evidence in your possession, including testimony, which support your allegation that the CCGBA perpetuated a violent atmosphere that led to Plaintiff suffering injuries and damages as alleged in numerical paragraph 63 of Plaintiff's Second Amended Complaint.

**RESPONSE TO INTERR. NO. 24:** See documents produced by CCGBA. (See, Ex. 3, pp. 12-13).  Plaintiff has again wholly failed to provide a response to this interrogatory.  Plaintiff's interrogatory response is vague and ambiguous and as such is completely prejudicial to the Defendant.  Plaintiff has made a generalized claim that the Defendant perpetuated a violent atmosphere that led to Plaintiff suffering injuries and damages, but refused to answer this interrogatory other than to refer to "See documents produced by CCGBA."  Plaintiff should be compelled to supplement this response.

### Interrogatory No. 25

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Interrogatory No. 25:

**INTERROGATORY NO. 25:**        Please describe and identify any and all information to which you have knowledge regarding your claim that the CCGBA destroyed all remaining video before giving Bosh, his attorneys or outside investigators any opportunity to review the deleted footage.

**RESPONSE TO INTERR. NO. 25:** See defendant's response to Interrogatory Number 14.

16

(See, Ex. 3, p. 13). Plaintiff has failed to respond to this interrogatory. Plaintiff has made an allegation that all remaining video was destroyed. This allegation implies that Plaintiff believes someone affirmatively and deliberately destroyed the video on the system at the CCDC. Plaintiff has only referred Defendant to it's own response to Plaintiff's Interrogatory No. 14 wherein it is explained that the video system records on a 5 day loop and subsequently erased the video which had not been saved. Defendant's response mentions no evidence pertaining to a deliberate or malicious destruction of the video as inferred in Plaintiff's allegation.     Plaintiff's response provides no information in support of this allegation and should be supplement to provide said information, should it exist..

### Specific deficiencies in Plaintiff's responses to Requests for Production of Documents

### Requests for Production Nos. 5, 31, 32 and 33

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Request for Production of Documents 5, 31, 32 and 33:

**REQUEST NO. 5:** Produce any and all statements (whether recorded or written) taken by you or on your behalf regarding the allegations set forth in your Complaint.

See *defendant's response to interogatory # 14.*

**REQUEST NO. 31:** Please provide copies of any and all documents, video recordings, audio recordings, transcripts and any other materials received from or regarding John Doe #1 who is mentioned in Plaintiff's Second Amended Complaint.

See *privilege log in Plaintiff's response to interrogatory# 14.*

**REQUEST NO. 32:** Please provide copies of any an all documents, video recordings, audio recordings, transcripts and any other materials received from or

17

regarding John Doe #2 who is mentioned in Plaintiff's Second Amended Complaint.

See *privilege log in Plaintiff's response to interrogatory# 14.*

**REQUEST NO. 33:** Please provide copies of any an all documents, video recordings, audio recordings, transcripts and any other materials received from or regarding any former or current CCGBA employee who is mentioned in Plaintiff's Second Amended Complaint.

See *privilege log in Plaintiff's response to interrogatory# 14.*

(See, Ex. 4, pp.  4 and 9).  This series of Requests for Production of Documents specifically requests any documents received from any witnesses and also specifically identifies those witnesses covertly identified in Plaintiff's Second Amended Complaint [Dkt. 122].  During the depositions of these covertly identified witnesses, almost all of the allegations and claims attributed to facts allegedly supplied by these witnesses have been specifically or generally refuted.  Now, Plaintiff refuses to provide copies of those verified or notarized statements and affidavits.   Defendant maintains that the referenced statements, affidavits and verifications are not subject to the work product privilege and requests copies of the same.

**Request for Production No. 6**

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Request for Production of Documents:

**REQUEST NO. 6:** Provide any and all notes, calendars, recordings or letters that would have any bearing regarding the allegations set forth in your Complaint and/or any damages you are claiming.

18

***Personal Journal previously produced.***

(See Ex. 4, p. 4).  Plaintiff's response maintains that his personal journal has been previously produced.  However Plaintiff has not identified when, how and exactly what was produced and to whom it was produced as Defendant has no record of specifically receiving it.  Plaintiff's counsel has agreed to review their documents to see if was indeed provided and has further agreed to provide an additional copy, if necessary.  Plaintiff's counsel has not yet provided this copy.

## Requests for Production Nos. 11, 12, 17 and 18

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Request for Production of Documents:

**REQUEST NO. 11:**  Produce any and all documents supporting the allegations made in your Complaint.

### See ***previously produced documents.***

**REQUEST NO. 12:**  Produce any and all documents upon which you intend to rely on at trial of this matter.

### See ***previously produced documents.***

**REQUEST NO. 17:**  Please produce copies of any documents in your possession which are listed in Plaintiff's Rule 26(a)(1) disclosures.

### See ***previously produced documents.***

**REQUEST NO. 18:**  Please produce copies of any documents received from any of the individuals listed in Plaintiff's Rule 26(a)(1) disclosures.

### See ***previously produced documents.***

19

(See Ex. 4, pp. 5-6). To each of these responses, Plaintiff has indicated the documents have been previously produced.  However, such a response is vague, ambiguous and inadequate to identify the responsive documents.  Defendant is not attempting to waste Plaintiff's counsel's time, but has requested a copy of these responses which have not been supplied.  Plaintiff should be compelled to  supplement these responses with the requested documents or otherwise identify to which precise documents Plaintiff is referring.

### Requests for Production Nos. 19, 20, 21, 22, 26, 34 and 35

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Request for Production of Documents:

**REQUEST NO. 19:** Please produce all invoices or other documents regarding your income during 2009-2011. This should include all documents discussed by you during your deposition regarding your income.

*Plaintiff will provide such documents when they are received and will supplement.*

**REQUEST NO. 20:** Please produce your state and federal tax returns for 2008-2013.

*Plaintiff will provide such documents when they are received and will supplement.*

**REQUEST NO. 21:** Please produce any and all statements for any savings account(s) in your name or to which you had access for the years 2008-2013.

*Plaintiff will provide such documents when they are received and will supplement.*

20

**REQUEST NO. 22:** Please produce any and all statements for any checking account(s) in your name or to which you had access for the years 2008-2013.

*Plaintiff will provide such documents when they are received and will supplement.*

**REQUEST NO. 26:** Please provide any and all medical and/or psychological records and bills regarding your treatment or evaluation at any CREOKS facility or by any CREOKS provider.

*Plaintiff will supplement discovery upon receipt of medical and/or psychological records and bills regarding treatment or evaluation at CREOKS.*

**REQUEST NO. 34:** Please produce all invoices or other documents regarding your business' income during 2009-2011. This should include all documents discussed by you during your deposition regarding your income from your business.

*Plaintiff will provide such documents when they are received and will supplement.*

**REQUEST NO. 35:** Please produce copies of all documents associated with your social security disability claim and any appeal associated with said claim as described during your deposition.

*Plaintiff will provide such documents when they are received and will supplement.*

(See Ex. 4, pp. 7-8 and 10).Plaintiff has indicated to each of these responses that he will provide the responsive documents by supplement when they are received. Unfortunately, none of these documents have been received and the discovery deadline is on the day of

this response.   Plaintiff was requested to describe all efforts made to obtain such documents, the location of said documents and the status of receipt of said documents but also has not supplied this information  Since the discovery deadline in this matter expires on March 7th, these documents must be received by Defendants before the expiration and since they have not been received Defendant is forced to file this motion.

### Request for Production No. 29

On February 20, 2014, Plaintiff's counsel provided the following response to Defendant's Request for Production of Documents:

**REQUEST NO. 29:** Please provide any and all documents and evidence you have obtained regarding your belief that CCGBA employees have continually used the shower to assault arrestees dating back to when the facility opened in 2007 as alleged in numerical paragraph 12 of Plaintiff's Second Amended Complaint.

*See OSBI produced Incident Reports.*

(See, Ex. 4, pp. 8-9).  Plaintiff's response is insufficient and refers to almost 4000 pages of documents, most of which do not refer to the shower area.  Plaintiff has made the allegation in numerical paragraph 12 of Plaintiff's Second Amended Complaint that CCGBA employees have continually used the shower to assault arrestees dating back to when the facility opened in 2007 but has given a vastly over broad response.  Plaintiff should be compelled to  supplement this response with the specific OSBI reports or evidence to which Plaintiff is referring.

WHEREFORE, based on the above and foregoing, Defendant, Cherokee County Governmental Building Authority respectfully request this Court enter an order requiring the

Plaintiff to supplement and respond to Defendant's First Set of Interrogatories and Requests for Production of Documents as requested herein, instanter, and for all relief as allowed under Rule 37 of the Federal Rules of Civil Procedure including attorney fees and costs.

Respectfully submitted,

s/ Stephen L. Geries
Stephen L. Geries, OBA No. 19101
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:       Steve@czwglaw.com
              czwg@czwglaw.com

Attorney for Defendant
Cherokee  County  Governmental  Building Authority

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: J. Spencer Bryan, Steven J. Terrill, Robert S. Lafferrandre, and Randall J. Wood.

s/ Stephen L. Geries
Stephen L. Geries

23