## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  DANIEL BOSH,<br><br>            Plaintiff,<br><br>v.<br><br>(2)  CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY, *et al*,<br><br>            Defendants. | Case No.: 11-CIV-376-JHP |

### PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES FROM DEFENDANT CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY

Pursuant to Fed.R.Civ.P 37, Daniel Bosh, (hereinafter "Bosh" or Plaintiff), submits the following Motion to Compel responses to interrogatories and document requests issued to Defendant Cherokee County Governmental Building Authority ("CCGBA").[1]  As set forth below, CCGBA has withheld incident reports that are plainly responsive to Plaintiff's written discovery, and it has relied upon disingenuous and hyper-technical interpretations to withhold other records altogether.  Plaintiff would state as follows:

---

[1] Pursuant to LCvR 37.1, the undersigned can state that has conferred in good faith with opposing counsel by telephone regarding the substance of the motion to compel and the parties have been unable to reach an accord.

**I.    STATEMENT OF UNDISPUTED MATERIAL FACT**

Plaintiff submits the following statement of material fact relevant to the present dispute.

1.    Plaintiff filed the present case against Cherokee County Governmental Building Authority ("CCGBA"), Chronister, and Girdner on September 29, 2011. [*See* Dkt. # 2, Ex. 2].

2.    Plaintiff's claims include allegations that Defendant CCGBA has a pattern or practice of permitting the use of excessive force. [*See* Dkt. # 122]. To that end, Plaintiff has served a variety of discovery requests to identify use of force events at the facility since January 1, 2009.

3.    Plaintiff has requested all incidents reports memorializing a use of force event. [*See* Ex. 1, CCGBAs Response to Document Request No. 14].

4.    Plaintiff has requested the booking sheets for each person transported from the CCDC for medical care following a use of force event, and incident reports of the precipitating event. [*See* Ex. 2, CCGBAs Supplemental Response to Document Requests No. 25, 26]. The Oklahoma Jail Standards mandate reporting to the Oklahoma State Department of Health for injuries that require transfer to a medical facility:

> The Department shall be notified no later than the next working day if any of the following incidents occur: . . .
> (B) Serious injury to staff or prisoner defined as life threatening or requiring transfer to outside medical facility;

[*See* Oklahoma Administrative Code, Section 310:670-5-2(28)].

5.      Plaintiff has requested disciplinary records, reprimands (however characterized), regarding employee conduct at the CCDC. [*See* Ex. 3, CCGBAs Response to Document Request No. 40].

6.      Plaintiff has requested investigations, reports, video and invoices arising from an incident memorialized at Bates label CCDC – 000084. [*Id*. at Request No. 48]. CCGBA claims the event is not adequately described. [*Id*.].

7.      Plaintiff has requested copies of each handwritten "Employee's Report of Incident" prepared by CCDC staff since January 1, 2009. [*Id*. at Request No. 51].

8.      Plaintiff has requested the purchase orders received by the CCGBA for each expense paid by the CCGBA where the "Purpose" is described as a physician's visit, along with the documents supporting the charge. [*Id.* at Request No. 52, 53].

9.      Plaintiff has requested video from all cameras in the booking area. [*See* Ex. 4, CCGBAs Response to Document Request No. 2]. Plaintiff has further requested information regarding the disposition of the video. [*See* Ex. 5, CCGBAs Response to Interrogatory No. 14].

10.     Plaintiff has attempted to resolve the dispute through correspondence outlining his position. [*See* Ex. 9, Letter from Bryan to Counsel, February 25, 2014]. The CCGBA has declined to produce information responsive to the requests outlined above. [*See* Ex. 10, Letter from Geries to Bryan, March 6, 2014].

**II.     ARGUMENT AND AUTHORITY**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan.2004) (citation omitted). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan.2003) (citation omitted). A party resisting discovery on the ground that the requests are overly broad has the burden of supporting its objection, unless the request is overly broad on its face. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D.Kan.2000).

"'Discovery relevance is minimal relevance,' which means it is possible and

4

reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

    A.    **OTHER INCIDENT REPORTS**

Plaintiff has specifically requested copies of all incident reports regarding a use of force event. Plaintiff has further limited that request in scope to those incidents since January 1, 2009.

On Febraury 27, 2014, Plaintiff's counsel deposed CCDC supervisor Sylvia Holmes who testified that she has personally has prepared close to 100 incident reports since 2006-2007 using microsoft word. [*See* Ex. 11, Deposition of Sylvia Holmes, p. 14, ln. 19 – p. 15, ln. 22]. Other than reports describing the Bosh incident, the CCGBA has not produced any reports prepared in word format, and more alarming, CCGBA never alerted Plaintiff's counsel that such reports exist in fact, presumably from a host of employees who have worked at the CCDC since it opened in 2007. It is extremely prejudical to demand that

Plaintiff establish pattern and practice evidence where the Defendant has knowingly withheld incident reports that are clearly responsive to a request served in Febraury 2013. [*See* Ex. 1, p. 8]. Plaintiff respectfully requests an order compelling production.

### B. O.C. SPRAY REPORTS, USE OF FORCE REPORTS, RESTRAINT CHAIR REPORTS, EMPLOYEE REPORT OF INCIDENT

A party's "disingenuously hypertechnical or purposefully obtuse" interpretation of a discovery request can be sanctionable under the totality of the circumstances. *Pepsico, Inc. v. Central Investment Corp.*, 2002 WL 32122596, *6 (S.D. Ohio 2002) (unpublished opinion).

Here, Plaintiff requested all incident reports memorizling a use of force event at the CCDC. The CCGBA policy manual contains attahcments for O.C. Spray Reports and Use of Force Statements. [*See* Ex. 5, pp. 11-12]. Counsel for CCGBA has acknowledged that reports concerning the use of O.C. Spray exist in a box, located possibly in a warehouse, and that he has not reviewed those records. CCGBA did not examine or produce the records because it has claimed that reports memorializing the use of O.C. Spray are not "Incident Reports." [*See* Ex. 10, p. 2]. CCGBA has presumably relied upon this same rationale to withhold other reports as well, including Jail Reports, [*see* Ex. 6], Use of Force Statements, [*see* Ex. 5, p. 11], Employee's Report of Incident, [*see* Ex. 7], and reports documenting use of the facility restraint chair. [*See* Ex. 11, p. 12, ln. 4-15].

CCGBA's interpretation of Plaintiff's discovery request is certainly hypertechnical and designed to frustrate Plaintiff's effort to obtain records that are relevant to the pattern and practice alleagtions contained in the Second Amended Complaint. For these reasons,

Plaintiff respectfully requests an order compelling production of any record memorializing a use of force event at the facility since January 1, 2009.

### D. VIDEO FROM TWO OTHER CAMERAS IN THE BOOKING AREA

Plaintiff has requested that CCGBA respond to discovery about the disposition of video from the facility surveillance system. Plaintiff served this discovery based upon the destruction of video while Bosh was in the facility shower room, and whether any investigation was performed as a result.

Plaintiff recently discovered that the scope of destruction is far more comprehensive. CCGBA, through Defendant Girdner, actually destroyed entire video feeds from two other cameras located in the booking area. [*See* Ex. 11, p. 21, ln. 17-20].[2] These cameras were mounted in locations that would capture events relevant to this case, including Plaintiff's face.

In the present case, CCGBA responded to discovery in a manner that would not alert Plaintiff to the existence or location of other cameras. In other words, CCGBA did nothing to disturb the illusion that the booking area only contained one camera. Plaintiff has since requested that CCGBA provide a supplemental response that is addressed to each video feed that it destoryed. CCGBA has refused.

---

[2] CCGBA contends that it did not destroy video, but simply allowed the recorder to tape over relevant images after preserving the video that it alone decided to preserve. The distinction advanced by the CCGBA is without merit. CCGBA knew the video was relevant--evidenced by its decision to preserve a small portion--and it failed to take any steps to prevent destruction of the video that it did not want. These facts alone warrant further consideration into whether CCGBA has irreparably prejudiced Plaintiff's ability to present his case.

7

E.  **INVOICES FOR MEDICAL SERVICES AND CORRESPONDING INCIDENT REPORTS**

As noted above, the Oklahoma Jail Standards mandate reports whenever an injured inmate or staff member is transported to a medical facility. In addition to a report transmitted to the Jail Inspection Division, those visits trigger invoices from the medical facility, which are then paid by the CCGBA.

The minutes of each CCGBA meeting contain include a list of invoices to be paid, and those lists often include invoices from Tahlequah City Hospital and/or W.W. Hastings, both medical facilities operating in the Tahlequah area. [*See* Ex. 8, p. 3 (example minutes and invoice identifying charges from "T.C.H." for "Physicians Visit" in the amount of $462.60)]. It is reasonable to infer that these invoices would likely identify the actual date that service was provided, and possibly the type of care and treatement received. It is also reasonable to infer that these invoices will correlate with inmates who required outside medical care for use of force events. By comparision with records from the Oklahoma State Department of Health Jail Inspection Division, these records are also relevant to determining whtether the CCGBA was underreporting the number of inmates it transferred for medical care.

Payment of these invoices would also place the CCGBA on notice that a particular inmate required medical care, and the corresponding incident reports would provide CCGBA with further notice that the care it paid for resulted from a use of force incident. Evidence that CCGBA underreported the number of incidents to the state, provides further support for

the proposition that CCGBA has attempted to conseal incidents from outside inspections and regulators. For these reasons, Plaintiff respectfully requests the Court grant the motion.

### F.  DISCIPLINARY ACTIONS AGAINST CCGBA EMPLOYEES

Plaintiff has requested documents that memorilaize any disciplinary actions, reprimands, (however characterized) regarding employee conduct at the CCDC. Notice that an employee used force that resulted in the need for medical care, in combination with a failure to investigate that incident, or issue appropriate discipline, is certainly relevant to Plaintiff's claim that CCGBA adopted a practice of allowing jail staff to use excessive force. Accordingly, Plaintiff respectfully requests the Court grant the motion.

**WHEREFORE,** all premises considered, Plaintiff respectfully requests the Court grant the motion to compel, along with any other legal or equitable relief supported by the arguments and evidence set forth herein.

> Respectfully submitted,
>
> BRYAN & TERRILL
>
> _s/Steven J. Terrill_
> J. Spencer Bryan, OBA # 19419
> Steven J. Terrill, OBA # 20869
> Bryan & Terrill Law, PLLC
> 9 E. 4th St., Suite 307
> Tulsa, OK 74103
> Tele:  (918) 935-2777
> Fax:   (918) 935-2778
> sjterrill@bryanterrill.com
> *Attorneys for Daniel Bosh*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2014, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| J. Spencer Bryan<br>jsbryan@bryanterrill.com | Randall J. Wood<br>rwood@piercecouch.com |
| D. Mitchell Garrett<br>Mitchell@garrettlawcenter.com | Chris J. Collins<br>cjc@czwglaw.com |
| Robert S. Lafferrandre<br>rlafferrandre@piercecouch.com | Stephen L. Geries<br>steve@czwglaw.com |

                                       *s/Steven J. Terrill*
                                       Steven J. Terrill