# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

(1)    DANIEL BOSH,

        Plaintiff,

v.

(2)    CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY, *et al*,

        Defendants.

Case No.: 11-CIV-376-JHP

## PLAINTIFF'S RESPONSE TO CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITIES MOTION TO COMPEL

Pursuant this Court's Order [Dkt. #167], Daniel Bosh, (hereinafter "Bosh" or Plaintiff), submits the following Response to Cherokee County Governmental Building Authority's ("CCGBA") Motion to Compel. [*See* Dkt. #165]. Plaintiff would state as follows:

1.    CCGBA served discovery to Plaintiff and Plaintiff timely responded to CCGBA's discovery on or about February 20, 2014. [Dkt. #164, Ex. 2 and 3].

2.    Counsel for CCGBA provided a deficiency letter to Plaintiff's counsel regarding Plaintiff's discovery responses on March 3, 2014. [*Id.*, Ex. 5].

3.    Counsel for Plaintiff and CCGBA discussed the alleged deficiencies in Plaintiff's discovery responses on March 6, 2014.

4.    Counsel for CCGBA filed its Motion to Compel the following day, March 7,

2014. *Id.*

5.     CCGBA has alleged deficiencies in Plaintiff's answers to Interrogatory Nos. 3, 4, 5, 6, 8, 9, 10, 11, 14, 20, 22, 23, 24, and 25.

6.     CGBA has alleged deficiencies in Plaintiff's response to Request for Production of Document Nos. 5, 6, 11, 12, 17, 18, 19, 20, 21, 22, 26, 29, 31, 32, 33, 34, and 35.

7.     Plaintiff provided supplemental responses to CCGBA's alleged discovery deficiencies on March 9, 2014 [Exhibit 1].

8.     Plaintiff provided supplemental documents on March 4, 2014[1], March 9, 2014 [Exhibit 2] and March 10, 2014. [Exhibit 3].

## I.  PLAINTIFF'S RESPONSE TO CCGBA'S ALLEGED DEFICIENCIES IN INTERROGATORIES

Plaintiff responds to CCGBA's alleged deficiencies in his interrogatory responses as follows:

A. CCGBA alleges that Interrogatory No. 3 is deficient because Plaintiff failed to identify specifics regarding medications that were prescribed. Plaintiff supplemented his response by providing, "Plaintiff has previously produced medical records that indicate all the prescriptions, prescribing doctors, and dosages of all medication. In addition a medical authorization has been produces

---

[1] Additionally, Plaintiff's counsel provided a DVD including documents received pursuant to subpoenas and supplemental documentation regarding Plaintiff's medical hardware which had been recently removed.

2

in this case. See FRCP 33(c)." [Ex. 1].

B. CCGBA alleges that Interrogatory No. 4 is deficient because Plaintiff has failed to provide specificity with respect to practices, customs or policies that violated his rights or caused him to suffer injury or damage. Plaintiff supplemented his response by providing, "Plaintiff would refer the Defendant to the second amended complaint. This would include acquiescence in unconstitutional practices, inadequate supervision and discipline, the failure to supervise, failure to provide adequate medical care, and the failure to correct unconstitutional practices." [Ex. 1].

C. CCGBA alleges that Interrogatory No. 5 is deficient because Plaintiff has not provided hardware explanation bills.[2] Plaintiff supplemented his response by providing, "Plaintiff has partially supplemented this previously on 3/4/2014 under separate cover and will continue to supplement all bills and records as they are received. In addition a medical authorization has been produces in this case. See FRCP 33(c)." [Ex. 1]. During the deposition of a witness in this case, Plaintiff's counsel provided a CD containing production of various outstanding requests, including documents concerning the hardware removal from Plaintiff.

D. CCGBA alleges that Interrogatory No. 6 is deficient because Plaintiff's witness and exhibit list is alleged to be vague, ambiguous and fails to describe the evidence claimed or identify the witness testimony. Plaintiff supplemented his previous

---

[2] CCGBA's deficiency letter provided only an issue as to the hardware explanation bills with respect to Plaintiff's

answer by providing, "Plaintiff intends to comply with the courts order to file a final wittiness and exhibit list on 3/24/2014 as per court order. (See Doc # 161)." [Ex. 1].

E. CCGBA alleges that Interrogatory No. 8 is deficient because Plaintiff's witness list is alleged to be vague, ambiguous and fails to identify the witness testimony. Plaintiff supplemented his previous answer by providing, "Plaintiff intends to comply with the courts order to file a final wittiness and exhibit list on 3/24/2014 as per court order. (See Doc # 161)."  [Ex. 1].

F. CCGBA alleges that Interrogatory No. 9 is deficient because it is evasive and ambiguous.  CCGBA alleges that Plaintiff has failed to provide specificity as to how CCGBA's actions or inactions violated his rights or caused him injury. Plaintiff supplement his previous answer by providing, "Plaintiff believes that for defendant CCGBA that the doctrine of respondent superior will apply under the Oklahoma Constitutional claim made in the case (Bosh Tort). Plaintiff further believes that for defendant CCGBA there has been deposition testimony and allegations supported of a pattern and practice claim against defendant CCGBA." [Ex. 1].

G. CCGBA alleges that Interrogatory No. 10 is deficient because Plaintiff has not identified with specificity each action he has taken to either formally or informally resolve or settle his problems.  CCGBA just recently provided Plaintiff with an

---

answer to Interrogatory No. 5.  [*See* Dkt. #164, Ex. 5].

explanation of what was meant in its Interrogatory by "resolve your problem." Plaintiff provided supplementation of his response by stating that, "Plaintiff continuously requested assistance from detention officers from the period of 5/17/2011 to 5/19/2011. All pleas for assistance from Plaintiff were ignored up until the time Plaintiff was transported to Tahlequah City Hospital on 5/19/2011. Plaintiff then assisted the OSBI in the subsequent criminal investigation requested by the District Attorney's office. Plaintiff also filed a notice of tort claim." [Ex. 1].

H. CCGA alleges that Interrogatory No. 11 is deficient because Plaintiff referred CCGBA to its witness list in response to those persons who have knowledge of the allegations or may be called as a witness. CCGBA alleges that Plaintiff's witness list is insufficient, vague and ambiguous. Plaintiff supplemented his previous response by providing, ""Plaintiff intends to comply with the courts order to file a final wittiness and exhibit list on 3/24/2014 as per court order. (See Doc # 161)." [Ex. 1].

I. CCGBA alleges that Interrogatory No. 14 is deficient because Plaintiff's claim of privilege is improper. Plaintiff supplemented his response by providing, "Plaintiff continues to assert privilege on two of the four documents referenced. It is Plaintiff's understanding that Defense has obtained two of the documents which privilege was asserted by other means. Without waiving any privilege or future work product see attached." [Ex. 1]. On March 10, 2014, Plaintiff provided to

5

CCGBA the affidavit and declarations that were at issue.  [Ex. 3].

J. CCGBA alleges that Interrogatory No. 20 is deficient because Plaintiff has failed to identify name, address and telephone number of all cell and pod mates for times he was incarcerated in the Cherokee County Detention Center ("CCDC"). Plaintiff has supplemented by providing, "Plaintiff has no information in their possession responsive to this request."  [Ex. 1].

K. CCGBA alleges that Interrogatory No. 22 is deficient because Plaintiff identified three times that he requested health care treatment from the staff at the CCDC but failed to identify who he requested treatment from.  Plaintiff supplemented his response by providing, "See Plaintiff's deposition. Plaintiff reasserts original response to Interrogatory No. 22. Plaintiff does not recall the specific employees he requested medical services from."  [Ex. 1].

L. CCGBA alleges that Interrogatory No. 23 is deficient because Plaintiff failed to provide specificity in his answer to the belief that CCGBA employees have used the shower to assault arrestees as alleged in Plaintiff's Second Amended Complaint.  Plaintiff supplemented his answer by providing, "The allegation is based on logical inferences drawn from the ODIS incident reports,[3] the statements of former inmates, Plaintiff's deposition testimony, and the physical arrangement of the CCDC."  [Ex. 1].

M. CCGBA alleges that Interrogatory No. 24 is deficient because Plaintiff failed to

---

[3] The ODIS system Incident Reports included a specific keyword search term of "shower room."

6

provide a description of evidence in Plaintiff's possession which supports allegations that CCGBA perpetrated a violent atmosphere leading to Plaintiff's injuries as alleged in Plaintiff's Second Amended Complaint. Plaintiff supplemented his response by providing, "Plaintiff again refers the defendant to the second amended complaint, deposition testimony(See deposition testimony of Troutman, King and Plaintiff), invoices and minutes of meetings of the CCGBA, newspaper articles produced from [sic] the Tahlequah Daily Press, see "Yandell Incident" "Torix Incident", "Acuff Incident", "Keener Incident", and all documents produces by the CCGBA." [Ex. 1].

N. CCGBA alleges that Interrogatory No. 25 is deficient because Plaintiff response provides no information in support of the allegations that CCGBA destroyed video footage of the incident in question. Plaintiff supplemented his response by providing, "Plaintiff again refers the defendant to their own response to interrogatory #14. The alleged 5 day overwrite policy that existed in Defendant's recording equipment either caused or allowed to be caused deletion of video. Defendant chose [sic] to preserve some of this video and chose [sic] through action or inaction for the remainder of the video to be erased." [Ex. 1].

## II.   PLAINTIFF'S RESPONSE TO CCGBA'S ALLEGED DEFICIENCIES IN REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff responds to CCGBA's alleged deficiencies in his interrogatory responses as follows:

A. CCGBA alleges that Plaintiff's responses to Requests No. 5, 31, 32, and 33 are

deficient. Plaintiff supplemented his response by providing, "Plaintiff will produce 2 statements. Plaintiff has clearly made reference to the previously provided privilege log and CCDC's video retention policy. That only other video in question was produced by Agent Lyons under Subpoena during her deposition. " [Ex. 1]. The requested statements, declarations or affidavits were provided to CCGBA on March 10, 2014. [Ex. 3]. It should be noted that Plaintiff provided all statements, declarations or affidavits received (this included four). *Id.*

B. CCGBA alleges that Plaintiff's response to Request No. 6 was deficient. CCGBA requested specifics regarding how Plaintiff's journal was produced. Plaintiff supplemented his response by providing, "Plaintiff's journal was previously produced Bates stamped BOSH 316-319." [Ex. 1]. Should counsel determine that they are unable to locate the above production and Defendant requires an additional and repeated production of the same discovery item, Plaintiff will accommodate.

C. CCGBA alleges that Plaintiff's response to Request No. 11, 12, 17, and 18 are deficient. CCGBA wants Plaintiff to produce documents supporting allegations made in the Complaint, documents Plaintiff intends to rely upon at trial, documents in Plaintiff's possession listed in Plaintiff's Rule 26(a)(1) disclosures, and documents received from any of the individuals listed in Plaintiff's Rule 26(a)(1) disclosures. Plaintiff responded to see previously produced documents. Plaintiff supplemented his response by providing, "Plaintiff has produced documents it is currently in possession of in response to defendant's request. Plaintiff will continue to produce any and all

   additional documents as they are produced by third parties, and anticipated additional [sic] medical [sic] records and bills will be forthcoming [sic]. Plaintiff will exchange demonstrative exhibits as per the scheduling order.". [Ex. 1]. Plaintiff has agreed to provide additional medical records and bills as they are received. Plaintiff would remind Defendant that he has executed a medical authorization in this matter. Quite simply, Plaintiff cannot produce any more documents than he currently has. Again, Plaintiff intends to file a final witness and exhibit list on 3/24/2014 as per court order. [See Doc # 161].

D. CCGBA alleges that Plaintiff's response to Request No. 19, 20, 21, 22, 26, 34, and 35 are deficient. CCGBA has requested financial documents including documents reflecting income, tax returns, checking and savings accounts, business income and social security disability claim. CCGBA also requested bills regarding treatment or evaluation at CREOKS or any CREOKS provider. Plaintiff is still working to secure these documents and has responded to Defendant that such documents will be provided when they are received.

E. CCGBA alleges that Plaintiff's response to Request No. 29 is deficient. Plaintiff supplemented his response by referencing his supplemental response to Interrogatory No. 23, ""The allegation is based on logical inferences drawn from the ODIS incident reports, the statements of former inmates, Plaintiff's deposition testimony, and the physical arrangement of the CCDC." [Ex. 1].

III.   **CCGBA'S MOTION TO COMPEL IS MOOT**

CCGBA has prayed for relief from this Court to enter an Order requiring the Plaintiff to supplement and respond to Defendant's First Set of Interrogatories and Requests for Production of Documents. Plaintiff submits that he has already responded to CCGBA's discovery and has timely supplemented. Therefore, this Motion cannot provide the relief requested of the Court given Plaintiff has already complied and participated in good faith to supplement the production of documents.

Plaintiff provided supplementation within four days of the Rule 37 conference occurring on March 6, 2014. [Ex. 1, 2, and 3]. Accordingly, Plaintiff submits that Defendant's Motion to Compel was filed untimely given that CCGBA filed its Motion to Compel at 10:10 a.m. on March 7, 2014, less than 24 hours after the "lengthy meeting. . . during which each of Defendant's contentions and deficiencies were discussed in great length." [Dkt. #164, ¶ 7]. CCGBA admits that at this March 6, 2014 meeting, counsel for Plaintiff indicated that he was working to provide supplemental responses. *Id.* at ¶ 8. Defendant goes on to say that as of 10:10 a.m., the next morning, those supplemental responses had not been received[4].

**WHEREFORE**, all premises considered, Plaintiff Daniel Bosh respectfully requests that the Court deny CCGBA's Motion to Compel as moot given Plaintiff provided supplemental responses to CCGBA's deficiency letter within four days of the Rule 37 conference. Plaintiff Daniel Bosh respectfully requests the Court deny CCGBA's Motion to

---

[4] Counsel for Plaintiff contacted counsel for CCGBA to find out if Defendant would be withdrawing its Motion to Compel given Plaintiff had supplemented. Counsel for CCGBA indicated that it would not be withdrawing its Motion.

Compel.

Respectfully submitted,

 s/Steven J. Terrill
J. Spencer Bryan, OBA # 19419
Steven J. Terrill, OBA # 20869
Bryan & Terrill Law, PLLC
9 E. 4th St., Ste, 307
Tulsa, OK 74103
Tele:  (918) 935-2777
Fax:   (918) 935-2778
jsbryan@bryanterrill.com
*Attorneys for Daniel Bosh*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2014, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

J. Spencer Bryan
jsbryan@bryanterrill.com

D. Mitchell Garrett
Mitchell@garrettlawcenter.com

Robert S. Lafferrandre
rlafferrandre@piercecouch.com

Randall J. Wood
rwood@piercecouch.com

Dan Card
dcard@piercecouch.com

Chris J. Collins
cjc@czwglaw.com

Eric D. Cotton
eric@czwglaw.com

Stephen L. Geries
steve@czwglaw.com

                                                *s/Steven J. Terrill*
                                                Steven J. Terrill