IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL BOSH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 11-CV-376-JHP |
| CHEROKEE COUNTY | ) |
| GOVERNMENTAL BUILDING | ) |
| AUTHORITY, *et al*, | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court are Defendant Cherokee County Governmental Building Authority's ("CCGBA") Motion to Compel [Doc. No. 164], Plaintiff's Second Motion to Compel [Doc. No. 165], and Plaintiff's Motion to Compel Inspection [Doc. No. 166]. After review of the briefs, and for the reasons stated below, CCGBA's Motion to Compel [Doc. No. 164] is **GRANTED in part**; Plaintiff's Second Motion to Compel [Doc. No. 165] is **GRANTED in part**; and Plaintiff's Motion to Compel Inspection [Doc. No. 166] is **DENIED**.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 37(a)(3), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia,* "a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection [of requested documents] will be permitted—or fails to permit inspection—as requested under Rule 34 ."

In a federal civil proceeding, parties may only obtain discovery regarding a non-privileged matter that is relevant to a claim or defense involved in the pending litigation. Fed. R.

Civ. P. 26(b)(1). For this purpose, relevance is viewed broadly in that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevancy, construed liberally, creates a broad vista for discovery, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1988), such that a trial becomes "less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Nonetheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" does not fall within the scope of Rule 26(b)(1).

Even if a discovery request seeks relevant information or material, a party served with that request may object on such grounds as: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "The familiar litany of general objections, including overly broad, burdensome, oppressive will not alone constitute a successful objection to an interrogatory nor will a general objection fulfill the objecting party's burden to explain its objections." *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003). Instead, "[t]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.*

Ultimately, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Yancey v. Hooten,* 180 F.R.D. 203, 207 (D. Conn. 1998) (citations, internal quotation marks, and punctuation omitted).

**A. Defendant CCGBA's Motion to Compel**

**1. Interrogatory No. 5**

Interrogatory No. 5 requests the following information:

State with specificity each and every item of damage, including amounts, claimed in your Second Amended Complaint, identify for each alleged item of damages the action or inaction of each Defendant you allege caused the damage, including, if any, the persons with their addresses and telephone numbers, you anticipate will testify as to each respective item of alleged damage.

[Doc. No. 164, Ex. 1 at 6]. Defendant contends that Plaintiff has not addressed documents concerning "hardware removal." The Court finds that Plaintiff must, in accordance with Fed. R. Civ. P. 33 and 26(e)(1), supplement his response to include the information regarding "hardware removal." Accordingly, CCGBA's Motion to Compel a response to Interrogatory No. 5 is granted.

**2. Interrogatory No. 6**

Interrogatory No. 6 requests the following information:

Identify any writing, document or other piece of potential evidence that you believe supports each claim in your Second Amended Complaint.

[Doc. No. 164, Ex. 1 at 6-7]. The Court finds that this interrogatory is overly broad because it asks Plaintiff to essentially identify *all evidence* which supports the claims raised in the Second Amended Complaint. *See Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006). Accordingly, CCGBA's Motion to Compel a response to Interrogatory No. 6 is denied.

3. **Interrogatory No. 8**

   Interrogatory No. 8 requests the following information:

   Please identify any and all witnesses to any of the allegations you have set forth in your Second Amended Complaint. In response to this Interrogatory, please provide the following for each witness:

   (a) Name;
   (b) Address;
   (c) What you understand the witnesses knowledge to be regarding your lawsuit.

[Doc. No. 164, Ex. 1 at 7]. As with Interrogatory No. 6, the Court finds that this interrogatory is overly broad because it asks Plaintiff to essentially identify *all witnesses* which support the claims raised in the Second Amended Complaint. *See Williams*, 235 F.R.D. at 502. Accordingly, CCGBA's Motion to Compel a response to Interrogatory No. 8 is denied.

4. **Interrogatory No. 9**

   Interrogatory No. 9 requests the following information:

   For [CCGBA], please state, with specificity, the actions or inactions of [CCGBA] which you allege violated your rights or caused you an injury as stated in the Second Amended Complaint, including the dates and times of each such action or inaction, how each such action or inaction violated your rights or caused you injury, and identifying each civil right, under each Constitutional Amendment, which you claim was violated by each such action or inaction.

[Doc. No. 164, Ex. 1 at 7]. The Court finds Plaintiff's response insufficient to fully answer Interrogatory No 9. Accordingly, CCBGA's Motion to Compel a response to Interrogatory No. 9 is granted.

5. **Interrogatory No. 11**

   Interrogatory No. 11 requests the following information:

   Please state the name, address and telephone number of each and every person who has knowledge of any of the allegations contained in Plaintiff's Second Amended Complaint, whether Plaintiff intends to call such person as a witness in this case or not, and give a brief synopsis of what Plaintiff understands each person's knowledge of the incident to be.

[Doc. No. 164, Ex. 11 at 8]. Again, the Court finds that this interrogatory is overly broad because it asks Plaintiff to essentially identify *all witnesses* which support the claims raised in the Second Amended Complaint. *See Williams*, 235 F.R.D. at 502. Accordingly, CCBGA's Motion to Compel a response to Interrogatory No. 11 is denied.

**6. Interrogatory No. 23**

Interrogatory No. 23 requests the following information:

Please describe and identify any and all information you have obtained regarding you belief that CCGBA employees have continually used the shower to assault arrestees dating back to when the facility opened in 2007 as alleged in numerical paragraph 12 of Plaintiff's Second Amended Complaint.

[Doc. No. 164, Ex. 1 at 10]. In relevant part, Plaintiff answered Interrogatory No. 23 with the following: "The allegation is based on logical inferences drawn from the ODIS incident reports, the statements of former inmates, Plaintiff's deposition testimony, and the physical arrangement of the CCDC." [Doc. No. 172, Ex. 1 at 4]. The Court finds Plaintiff's response insufficient to fully answer Interrogatory No 23. Accordingly, CCBGA's Motion to Compel a response to Interrogatory No. 23 is granted.

**7. Interrogatory No. 24**

Interrogatory No. 24 requests the following information:

Please describe in complete detail any and all evidence in your possession, including testimony, which support your allegation that the CCGBA perpetuated a violent atmosphere that led to Plaintiff suffering injuries and damages as alleged in numerical paragraph 63 of Plaintiff's Second Amended Complaint.

[Doc. No. 164, Ex. 1 at 10]. In relevant part, Plaintiff answered Interrogatory No. 24 as follows:

Plaintiff again refers the defendant to the second amended complaint, deposition testimony(See deposition testimony of Troutman, King and Plaintiff), invoices and minutes of meetings of the CCGBA, newspaper articles produced from [sic] the Tahlequah Daily Press, see "Yandell Incident" "Torix Incident", "Acuff Incident", "Keener Incident", and all documents produces [*sic.*] by the CCGBA."

[Doc. No. 172, Ex. 1 at 5]. The Court finds Plaintiff's response sufficient to fully answer Interrogatory No 24. Accordingly, CCBGA's Motion to Compel a response to Interrogatory No. 24 is denied.

**8. Requests for Production Nos. 11, 12, 17, and 18**

This dispute regarding Requests for Productions Nos. 11, 12, 17, and 18 centers around Plaintiff's uniform response to each of these requests. Specifically, Plaintiff's response to each request was simply: "See previously produced documents." [Doc. No. 172, Ex.1 at 5]. The Court finds Plaintiff's response insufficient. Accordingly, CCGBA's Motion to Compel production of documents responsive to Requests for Production Nos. 11, 12, 17, and 18 is granted.

**9. Requests for Production Nos. 19, 20, 21, 22, 26, 34, and 35**

The dispute regarding Requests for Production Nos. 19, 20, 21, 22, 26, 34, and 35 centers around Plaintiff's uniform response to each of these requests. Specifically, Plaintiff's response to each request was the following: "Plaintiff will provide such documents when they are received and will supplement." [Doc. No. 164, Ex. 4 at 7-10]. In sum, Plaintiff does not have possession, custody, or control over the documents requested at this time. Accordingly, CCGBA's Motion to Compel production of documents responsive to Requests for Production Nos. 19, 20, 21, 22, 26, 34, and 35 is denied. Nevertheless, Plaintiff should be diligent in timely supplementing his responses to these requests in conformity with Fed. R. Civ. P. 26(e)(1). Failure to submit these responses in a timely manner may result in sanctions, including, but not limited to, exclusion of evidence not disclosed in a timely manner.

**10. Request for Production No. 29**

Request for Production No. 29 requests the following documents:

6

> Please provide any and all documents and evidence you have obtained regarding your belief that CCGBA employees have continually used the shower to assault arrestees dating back to when the facility opened in 2007 as alleged in numerical paragraph 12 of Plaintiff's Second Amended Complaint.

[Doc. No. 164, Ex. 4 at 8]. Plaintiff responded to Request for Production No. 29 was simply: "See OSBI produced Incident Reports." [*Id.* at 9]. In addition, Plaintiff supplemented his response with the following: "The allegation is based on logical inferences drawn from the ODIS incident reports, the statements of former inmates, Plaintiff's deposition testimony, and the physical arrangement of the CCDC." [Doc. No. 172, Ex. 1 at 4,6]. The Court finds Plaintiff's response insufficient. Accordingly, CCBGA's Motion to Compel a response to Request for Production No. 29 is granted.

**B. Plaintiff's Second Motion to Compel**

**1. Request for Production No. 14**

Plaintiff seeks to compel the production of certain incident reports, purportedly responsive to Request for Production No. 14, prepared using Microsoft Word. Request for Production No. 14 requests "[i]ncident reports regarding the use of force at the CCDC … ." [Doc. No. 165, Ex. 1 at 2]. There are several categories of documents Plaintiff seeks pursuant to Request for Production No. 14: (1) incident reports prepared using Microsoft Word; (2) O.C. spray reports; (3) use of force reports; (4) restraint chair reports; and (5) employee reports of incidents.

First, the Court finds that CCGBA must produce all incident reports prepared using Microsoft word. CCGBA argues that Plaintiff is not entitled to production because Plaintiff failed "to identify any incident reports requested using Microsoft word format during any Rule 37 conference or letter to the Defendant's counsel." [Doc. No. 174, 5]. In essence, CCGBA's

argument is that Plaintiff's Request for Production No. 14 excludes documents prepared using Microsoft Word. This Court finds this argument completely meritless. Regardless of whether a report is handwritten, typed using typewriter, or produced using word processing software, the Court finds the documents responsive to Plaintiff's Request for Production No. 14.

Second, the remainder of the documents requests have been withheld based on CCGBA's narrow interpretation of Plaintiff's request. While it is possible to view O.C. spray reports, use of force reports, restraint chair reports, and employee reports of incidents as being outside the scope of Plaintiff's Request for Production No. 14, the Court finds that these documents are responsive. Accordingly, Plaintiff's Motion to Compel responses to Request for Production No. 14 is granted.

**2. Discovery Regarding Failure to Preserve Video Evidence**

Plaintiff seeks information regarding the possible spoliation of video evidence. Specifically, the incident giving rise to this lawsuit was recorded by three video cameras. Plaintiff's Interrogatory No. 14 requests the following information:

> Identify and describe with specificity the results of any investigation or inquiry to determine why there is no video between the two video segments produced by the CCGBA, to include the names of each person consulted, the information they contributed, the identification of any documents reviewed, the date(s) of any investigation, the names of any person(s) who destroyed or authorized the destruction of the video, whether the CCGBA could have preserved the video, the identity of any person or entity outside the CCDC/DDGBA who had an opportunity to review the unedited video before it was destroyed; and whether the CCGBA contends that destruction of the video was consistent with its policies and/or practices in effect in May 2011.

[Doc. No. 165, Ex. 5 at 11-12]. In response, CCGBA provided, in relevant part, the following:

> Assistant Jail Administrator T.J. Girdner copied and provided segments of the video involving Mr. Bosh to the District Attorney's Office. The video system at the time automatically recorded over previous recorded portions every five days. No employee of the CCGBA specifically destroyed any of the video, it was

recorded over due to the limitations of the system.

…

[T]he video system in the CCDC at the time of the incident of which the Plaintiff complains was on a five-day recording loop. This video system automatically recorded over previous recorded video every five days. Assistant Jail Administrator T.J. Girdner copied and provided segments of the video involving Mr. Bosh to the District Attorney's Office based upon the recording, Mr. Bosh's presence on the recording and the relative incident. No employee of the CCGBA specifically destroyed any of the video, it was recorded over due to the limitations of the system before any additional requests were made or received.

[Doc. No. 174, 10].

The Court finds CCGBA's responses to Plaintiff's Interrogatory No. 14 insufficient. Specifically, CCGBA's response fails to address whether the failure to preserve this video evidence was consistent with CCGBA's policies and/or practices in effect at the time of the incident. Accordingly, Plaintiff's Motion to Compel responses to Interrogatory No. 14 is granted.

### 3. Invoices for Medical Services and Corresponding Incident Reports

Plaintiff seeks invoices for medical services and corresponding incident reports. Plaintiff's Request for Production No. 52 requests the following documents:

> For Bates No. 2DDR 10 0000001 through 2DDR 10 000626, copies of each purchase order from each vendor where CCGBA has designated the "Purpose" as a physicians visit.

[Doc. No. 165, Ex. 3 at 7]. CCGBA objects on the basis that Request for Production No. 52 is overly broad, unduly burdensome, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. After consideration of the circumstances of this case, the Court finds the requested documents to be relevant for purposes of discovery. However, the Court finds CCGBA's arguments regarding the scope of the request persuasive. *See* Fed. R. Civ. P. 26(b)(2). Therefore, the Court limits the scope of production to

invoices for medical services and corresponding incident reports created between January 1, 2009 and December 31, 2011. Accordingly, subject to these limitations, Plaintiff's Motion to Compel production of documents responsive to Request for Production No. 52 is granted.

**4. Disciplinary Actions Against CCGBA Employees**

Plaintiff seeks documents memorializing disciplinary actions taken against employees of the CCGBA for conduct that occurred at the CCDC. [Doc. No. 165, Ex. 3; Doc. No. 174, Ex. 6]. The Court finds that these documents are reasonably calculated to lead to the discovery of admissible evidence. However, the Court finds CCGBA's contention regarding the scope and breadth of this material persuasive. *See* Fed. R. Civ. P. 26(b)(2). Thus, the Court finds that Plaintiff's Requests for Production regarding disciplinary actions against CCGBA employees shall be limited to disciplinary actions occurring on or after January 1, 2009, that are related to or arising from CCGBA employee interaction with inmates, including, but not limited to, use of force incidents. Accordingly, subject to the these limitations, Plaintiff's Motion to Compel production of documents regarding disciplinary actions against CCGBA employees is granted.

**C. Plaintiff's Motion to Compel Inspection**

Plaintiff seeks an order permitting entry and inspection of the Cherokee County Detention Center. However, Plaintiff failed to comply with the procedural requirements set out in Fed. R. Civ. P. 34(a)(2). Accordingly, Plaintiff's Motion to Compel Inspection must be denied.

**D. Additional Discovery on the Issue of Spoliation of Video Evidence**

This case presents a situation where highly probative video evidence of the events giving rise to this lawsuit was not preserved for trial. Because of the significant implications associated with this potential spoliation of evidence, the Court finds that a period of discovery limited to the

issue of spoliation of the video recordings of the events that occurred on May 17, 2011, at the Cherokee County Detention Center is necessary. Accordingly, Plaintiff is granted 15 days of discovery on the issue of spoliation. Further, Defendants shall respond to these requests for discovery within 15 days after receipt thereof. In addition, the deadline for motions on the issue of spoliation shall be May 5, 2014.

## CONCLUSION

For the foregoing reasons, CCGBA's Motion to Compel [Doc. No. 164] is **GRANTED in part**; Plaintiff's Second Motion to Compel [Doc. No. 165] is **GRANTED in part**; and Plaintiff's Motion to Compel Inspection [Doc. No. 166] is **DENIED**. It is further ordered that this discovery must be produced on or before **April 8, 2014**.

**IT IS SO ORDERED** this 20th day of March, 2014.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma