# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DANIEL BOSH,

    Plaintiff,

v.

    Case No. 11-CV-376-JHP

CHEROKEE COUNTY
GOVERNMENTAL BUILDING
AUTHORITY, *et al*,

    Defendants.

## OPINION AND ORDER

Before the Court are Defendant Cherokee County Governmental Building Authority's ("CCGBA") Motion for Judgment on the Pleadings (Doc. No. 210), and Plaintiff's Response in Opposition thereto (Doc. No. 215). CCGBA argues that Plaintiff's claims were extinguished by his untimely death, the cause of which has not yet been determined, during the pendency of this litigation. The Court disagrees.

The parties agree that the viability of Plaintiff's cause of action is governed by Oklahoma law, and, more specifically, Oklahoma's survival statute. *See Lewis v. Energy Solutions, LLC*, CIV-12-1252-C, 2013 WL 3306151 (W.D. Okla. June 28, 2013) (citing *Hopkins v. Okla. Pub. Emps. Ret. Sys.,* 150 F.3d 1155, 1158–59 (10th Cir.1998), and *United States EEOC v. AIC Sec. Invs., Ltd.,* 55 F.3d 1276 (7th Cir.1995)). Oklahoma's survival statute states:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

Okla. Stat. Ann. tit. 12, § 1051.

The dispositive issue is whether Plaintiff brought a cause of action for "injury to the person." CCGBA argues that Plaintiff's injuries were *injuries to his rights*, *not injuries to his person*. CCGBA's argument is based on the flawed premise that simply because personal injury is not essential to Plaintiff's recovery, Plaintiff's cause of action is not one for "injury to [his] person." *Id.* The Court finds this contention unpersuasive, in large part, because CCGBA's argument is premised on an unsupported definition of the term "cause of action."

A cause of action is defined as "[a] group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person … ." Black's Law Dictionary (9th ed. 2009). In this case, Plaintiff alleges that he suffered significant bodily injuries as a result of the tortious conduct of one or more of the defendants. As such, the factual situation giving rise to Plaintiff's cause of action is plainly a cause of action for injury to Plaintiff's person. Therefore, under Oklahoma's survival statute, Plaintiff's claims survive his untimely death.

For the reasons stated above, CCGBA's Motion for Judgment on the Pleadings (Doc. No. 210) is **DENIED**.

**IT IS SO ORDERED** this 7th day of May, 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma