# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL BOSH, Special Administrator for the Estate of Daniel Bosh, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-376-JHP |
| CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY, GORDON CHRONISTER, and T.J. GIRDNER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Daniel Bosh sued the Cherokee County Governmental Building Authority, Gordon Chronister, and T.J. Girdner in state court in the District Court of Cherokee County, Case No. CJ-2011-245. The case was removed to this Court pursuant to 28 U.S.C. § 1331 due to the assertion of federal civil rights claims, and Michael Bosh became the Plaintiff after Daniel Bosh died. A discovery dispute arose, and the Defendants Chronister and Girdner agreed to pay reasonable attorneys' fees associated therewith, but the parties were unable to agree as to an appropriate amount. The Plaintiff then filed a Motion for Attorney Fees [Docket No. 178], which the Court referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation. *See* Docket No. 191. For the reasons set forth below, the undersigned Magistrate Judge hereby recommends that the Plaintiff's motion be granted and that the Plaintiff be awarded reasonable attorneys' fees in the amount of $9,062.50.

## A. Procedural History

The dispute at issue here arose with the Plaintiff's Motion to Compel Responses from Defendants Chronister and Girdner [Docket No. 128] filed on October 8, 2013. The Plaintiff sought discovery on three specific subjects: (i) information from Chronister's Facebook page; (ii) medical records involving a workplace injury suffered by Girdner on June 16, 2010; and (iii) incidents involving the use of force by both Defendants. The Court granted the motion in part on November 22, 2013, ordering production of: (i) only the "notes, messages, and other data or information regarding the incident alleged in the Complaint" on Chronister's Facebook page; (ii) a *limited* medical authorization regarding Girdner's June 16, 2010 workplace incident; and (iii) use of force incidents involving the Defendants only from January 1, 2009. *See* Docket No. 134. The Defendants failed to comply with the Court's November 22, 2013 order, so the Plaintiff moved for sanctions on February 5, 2014. *See* Docket No. 147. The Defendants responded by admitting their failure to timely comply with the November 22, 2013 order but noting their subsequent compliance and urging the Court to deny sanctions. The Court conducted a hearing on the motion for sanctions on February 24, 2014, *see* Docket No. 159, and on February 26, 2014, adopted the Defendant's offer to pay reasonable attorneys' fees incurred as a result of their failure to comply with the November 22, 2013 order, but otherwise denied the motion for sanctions. *See* Docket No. 161. Because the parties had been unable to agree as to a reasonable amount to be awarded, the Court directed the Plaintiff to file his motion for attorneys' fees by March 14, 2014, and indicated that it would "determine the amount to be awarded as reasonable fees and costs in accordance with Fed. R. Civ. P.

37(a)." *See* Docket No. 161, p. 2. The Plaintiff filed his motion as directed, *see* Docket No. 178, and the Defendants filed their response on March 21, 2014. *See* Docket No. 184. On April 7, 2014, the Court referred the motion to the undersigned Magistrate Judge, *see* Docket No. 191, and a hearing was conducted on April 23, 2014. *See* Docket No. 212. The parties presented no evidence at the hearing and indicated that their briefs adequately addressed the arguments supporting their respective positions as to the appropriate calculation of the reasonable attorneys' fees to be awarded, *i. e.*, the Plaintiff's request for $30,724.00, and the Defendant's contention that no more than $8,007.50 would be reasonable. The undersigned Magistrate Judge took the matter under advisement and now recommends that the Court award $9,062.50 to the Plaintiff as the reasonable attorneys' fees incurred as a result of the Defendants' failure to timely comply with the November 22, 2013 order.

**B. Analysis**

A significant issue regarding the calculation of the reasonable attorneys' fees to be awarded for Defendants' failure to timely comply with the November 22, 2013 order of the Court compelling discovery is whether such fees should be calculated under Fed. R. Civ. P. 37(a), which provides that a court granting a motion to compel must "require the party [] whose conduct necessitated the motion [] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" Fed. R. Civ. P. 37(a)(5)(A), or instead under Fed. R. Civ. P. 37(b), which provides that if a party disobeys an order to provide discovery, "the court must order the disobedient party [] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Plaintiff contends that Fed. R. Civ. P. 37(a) applies (because the Court cited that provision in its February 26, 2014 order), and thus requests attorneys' fees dating as far back as preparation of his original motion to compel. The Defendants, on the other hand, contend that Fed. R. Civ. P. 37(b) applies (because the Court indicated that it would award fees incurred as a result of the Defendants' failure to comply with the order compelling discovery) and thus concludes that such a broad-ranging request by the Plaintiff is unreasonable. The undersigned Magistrate Judge finds that Fed. R. Civ. P. 37(b)(2)(C) applies here, for the following reasons.

First, the Plaintiff did not seek any relief under Fed. R. Civ. P. 37(a) in its motion for sanctions [Docket No. 147]. On the contrary, the Plaintiff specifically sought relief under Fed. R. Civ. P. 37(b), including an award of attorneys' fees if the Court rejected stricter sanctions, and under Fed. R. Civ. P. 37(d). Nor for that matter did the Plaintiff seek any award of attorneys' fees under Fed. R. Civ. P. 37(a) in connection with his original motion to compel, to which that provision is more arguably applicable. *See* Fed. R. Civ. P. 37(a)(1) and (a)(5)(A) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery . . . If the motion is granted [] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Second, the attorneys' fees remedy afforded herein was

-4-

based at least in part upon the Defendants' agreement to pay reasonable costs incurred by the Plaintiff as a result of its failure to timely comply with the November 22, 2103 order compelling discovery. It seems unlikely that the Defendants would have agreed to pay fees dating back to the original motion to compel [Docket No. 128]. Furthermore, it would seem grossly unfair (not to mention unreasonable) to now require the Defendant to pay such fees even though the Plaintiff did not request them in the motion to compel [Docket No. 128] or the motion for sanctions [Docket No. 147]. Third and most important, it is fairly clear that the Court did not intend to require the Defendants to pay any fees other than those incurred by the Plaintiff as a result of their failure to timely comply with the November 22, 2013 order compelling discovery [Docket No. 134]. In this regard, the Court specifically observed the following:

> With regard to Defendants Girdner and Chronister's agreement to pay reasonable fees and costs *incurred by Plaintiff's counsel as a result of Defendants Girdner and Chronister's violation of this Court's November 20, 2013 Order,* the Court finds this relief appropriate under the circumstances and adopts same as the order of this Court.

*See* Docket No. 161 at p. 2 [emphasis added]. Under the circumstances, it seems fairly clear that the Court's subsequent observation that it would "determine the amount to be awarded as reasonable fees and costs in accordance with Fed. R. Civ. P. 37(a)" was an inadvertent reference to the wrong section of the rule.

Having determined the proper scope of the Plaintiff's attorneys' fees request, the undersigned Magistrate Judge must now determine the reasonable amount of such fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

-5-

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D. N.M. 2011). "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998), *quoting Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds*. In making these determinations, the Court may refer to affidavits, briefs, and depositions, as well as his own knowledge and experience. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007), *citing National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) *and Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005). The Plaintiff seeks a total of $30,724.00 in attorneys' fees, which is 81.7 hours of time at $300 per hour for Mr. J. Spencer Bryan, 11.5 hours at $300 per hour for Mr. Steven Terrill, and 11.13 hours at $250 per hour for Mr. Mitchell Garrett. The Defendants dispute both hourly rates and hours billed, so each will be addressed.

**Hourly rate.** The Defendants contend that a rate of $250 per hour is reasonable for all three attorneys. The Plaintiff contends that Mr. Bryan and Mr. Terrill are entitled

to $300 per hour based upon an attorneys' fees award by this Court in *Chatman v. Buller*, 2013 WL 5729603 (E.D. Okla. Oct. 22, 2013) (slip op.). But the award in that case was based in part upon the contingent nature of their fee and the considerable risk of loss they undertook in representing their client in that case. Indeed, the attachments submitted by the Plaintiff in this case and the Court's findings in *Chatman*, reflect that $250 per hour was the most common rate reported by attorneys with the same years of experience as Mr. Bryan, and $225 per hour was the most common rate reported by attorneys with the same number of years of experience as Mr. Garrett and Mr. Terrill. *See* Docket No. 178, Ex. 1; *Chatman v. Buller*, 2013 WL 5729603, at *2 (E.D. Okla. Oct. 22, 2013) (slip op.) ("The survey indicates that lawyers with attorneys with 10-12 years of experience charge hourly rates ranging between $160.00 and $330.00 per hour, with most respondents charging $250 per hour. The survey also shows that attorneys with 7-9 years of experience charge hourly rates between $130 and $295 per hour, with most respondents charging $225 per hour."). Based on this information, and the undersigned Magistrate Judge's knowledge of the local practice in general and of the attorneys in this case in particular, the undersigned Magistrate Judge finds that the hourly rate of $250 per hour is reasonable and appropriate for all three attorneys in connection with their work on the motion for sanctions. *See Jones,* 478 F. Supp. 2d at 1326 (noting that orders from sister courts and supporting affidavits are "helpful to the Court" and that "the Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). *See also Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (observing that a

similar rate was "in the interests of justice and proportional to the specific violation of the rules.").[1]

**Hours billed.** Turning to the numbers of hours contained in the billing record, the Plaintiff's attorneys seek a collective 104.33 total hours in pursuit of sanctions, beginning with the research, drafting, and expenses related to the motion to compel filed on October 8, 2013. At least 30.13 of those hours appear related to the Plaintiff's motion to compel [Docket No. 128] and review of discovery thereafter provided, neither of which are the result of the Defendants' *violation* of the Court's November 22, 2013 Order. *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981) ("Under Rule 37(b)(2), attorney's fees may be awarded for failure to obey a court order. The attorney-time before and during the May 17 hearing in so far as it related to Breen was *to obtain* a court order, and was not attorney-time incurred on account of Breen's failure to obey an order.") [emphasis added]. Furthermore, while the time spent working on the motion to compel [Docket No. 128] might arguably be compensable under Fed. R. Civ. P. 37(a)(5)(A), it is clear that time spent reviewing discovery submitted under a document exchange would not be compensable *even under Rule 37(a). See Brigham Young University v. Pfizer, Ind.*, 262 F.R.D. 637, 648 and n.94 (D. Utah 2009) (noting that "reasonable expenses do not include review of documents which is necessary in any document exchange" in awarding costs under both Rule 37(a) and Rule 37(b)), *quoting DigEcor, Inc. v. E.Digital Corp.*,

---

[1] It should be noted that these hourly rates reflect reasonable compensation for work done in response to the Defendants' noncompliance with the Court's November 22, 2013 order; they are not intended to reflect the hourly rates that may be determined by the Court in the event that the Plaintiff becomes the prevailing party herein.

2008 WL 803108, at *6 (D. Utah March 22, 2008) (no recovery for "expenses of review of documents which is necessary in any document exchange" under Rule 37(a)). *See also Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 516 (5th Cir. 1985) ("The plain language of Rule 37, however, provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party. . . . Here the district court assessed attorney's fees under Rule 37 for discovery matters that were not related to Batson's failure to comply with the court's order. In addition, the extraordinarily large assessment of expenses [over $30,000] in this case appears to be unreasonable on its face.").

There are also 29.4 hours billed for research related to the motion to compel and the motion for sanctions. Again, any hours related to the motion to compel are clearly not compensable under Fed. R. Civ. P. 37(b)(2)(C). Furthermore, while it is not *per se* unreasonable to award attorneys' fees for research related to sanctions, the undersigned Magistrate Judge finds that such hours should be excluded to "reduce the time spent on the motion for sanctions to a reasonable level." *Starlight International, Inc. v. Herlihy*, 190 F.R.D. 587, 590-591 (D. Kan. 1999) ("[T]he court generally does not award fees for time to conduct research. Although it may be permissible to award fees for research in the context of sanctions, the court finds such time properly excluded to reduce the time spent on the motion for sanctions to a reasonable level."), *citing Case*, 157 F.3d at 1253.

The undersigned Magistrate Judge now turns to the remaining 44.8 hours sought by the Plaintiff herein, which can be divided into four categories: (i) the drafting of an unspecified letter (presumably the February 25, 2014 letter to the Court by counsel for

the Defendants attached as Exhibit 1 to their response to the motion for attorney fees); (ii) time spent preparing the Plaintiff's motion for sanctions [Docket No. 147] and the motion for attorney fees [Docket No. 178]; (iii) time for attending the hearing on the motion for attorney fees [Docket No. 178]; and (iv) travel time. First, the Plaintiff's three attorneys billed a total of 5.05 hours on February 25, 2014 (the day following the February 24, 2014 sanctions hearing) for email correspondence with each other and opposing counsel, and drafting a letter to the Court. In view of the product, the undersigned Magistrate Judge finds that two hours is reasonable for this task, to be divided as follows: 1 hour to Mr. Bryan, and .5 hours each to Mr. Garrett and Mr. Terrill. *See Case*, 157 F.3d at 1250, *quoting Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ( "A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). *See generally BYU*, 262 F.R.D. at 650 ("The Court [] finds that the documented time and requested fees spent in preparation for the two day sanctions hearing, over 611 hours for approximately 6 hours of Court time, excessive.").

Second, the Plaintiff's attorneys requested 28.35 hours related to preparation and submission of the Plaintiff's motion for sanctions and motion for attorney fees, which the undersigned Magistrate Judge finds to be appropriate. These hours are apportioned as follows: 20.5 hours to Mr. Bryan, 5.3 hours to Mr. Terrill, and 2.55 hours to Mr. Garrett.

*Batson*, 765 F.2d at 516 ("Under Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, a party may be personally liable for *reasonable* expenses including attorney's fees *caused* by the failure to comply with a discovery order."), *citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-764 (1980).

Regarding attendance at the sanctions hearing and related travel time, Mr. Bryan billed 3.9 hours for attending the hearing and conferring with counsel on February 24, 2014, as well as 2 hours of driving time. Mr. Garrett, on the other hand, billed 3 hours for attending the hearing and 2.5 hours of travel time. The minutes of the sanctions hearing, *see* Docket No. 159, reflect that the hearing lasted one hour and twenty-six minutes and consisted only of arguments from the attorneys with no presentation of evidence. *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). Under the circumstances, it is unreasonable to tax the Defendants with such time for two attorneys, and the undersigned Magistrate Judge therefore finds that only Mr. Bryan's 5.9 hours should be awarded. *See Jones*, 478 F. Supp. 2d at 1326. *Cf. BYU*, 262 F.R.D. at 650 (reducing costs and fees by 10% where BYU sought "costs and fees for multiple attorneys attending the same depositions.").

**Summary.** To sum up, the undersigned Magistrate Judge thus recommends awarding the requested attorneys' fees and costs as set forth below:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. J. Spencer Bryan | 27.4 | $250 per hour | $6,850.00 |
| Mr. Steven Terrill | 5.8 | $250 per hour | $1,450.00 |
| Mr. D. Mitchell Garrett, Jr. | 3.05 | $250 per hour | $762.50 |

Accordingly, the Plaintiff should be awarded reasonable fees and costs in the amount of $9,062.50, for 36.25 hours of work.

## C. Conclusion

The undersigned Magistrate Judge PROPOSES the findings set forth above, and accordingly RECOMMENDS that the Plaintiff's Motion for Attorney Fees [Docket No. 178] be GRANTED, and that the Plaintiff be awarded $9,062.50 for the reasonable attorneys' fees incurred as a result of the Defendants' failure to timely comply with the Court's November 22, 2013 order compelling discovery. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 4th day of August, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma