**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

MICHAEL BOSH, as Special )
Administrator for the Estate of )
Daniel Bosh, )
)
    Plaintiff, )
)
v. ) Case No. 11-CV-376-JHP
)
CHEROKEE COUNTY )
GOVERNMENTAL BUILDING )
AUTHORITY, *et al.*, )
)
    Defendants. )

## **OPINION AND ORDER**

Before the Court is Defendant Cherokee County Governmental Building Authority's ("CCGBA") Motion to Quash Plaintiff's Notice of Deposition to Defendant CCGBA. (Doc. No. 302). On October 27, 2015, Plaintiff sent CCGBA a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice"), which describes nineteen topics of examination. (See Doc. No. 302-1). On November 2, 2015, CCGBA filed its Motion to Quash the Notice, wherein it argues the Notice is excessively burdensome. Although CCGBA seeks to quash the entire Notice, CCGBA identifies only four specific topics as being excessively burdensome: Topics 2, 6, 11, and 19.

Plaintiff responds that CCGBA filed this motion in violation of Local Rule 7.1(g), which requires the parties to meet and confer in a sincere attempt to resolve differences prior to filing any non-dispositive motion. Plaintiff further responds that CCGBA's objections are too conclusory and abstract to be sustained and that Plaintiff's requests in the Notice are specific and limited to a given relevant subject matter.

1

## I. Violation of Local Rule 7.1(g)

The Court will first address Plaintiff's argument under Local Rule 7.1(g). Plaintiff asserts CCGBA's motion should be denied because CCGBA failed to discuss the Notice with Plaintiff's counsel or certify any conference to the Court prior to filing this motion. Such conduct, Plaintiff contends, violates Local Rule 7.1(g) and requires denial of the motion. Plaintiff is correct that CCGBA did not certify to the Court in its original motion that a pre-motion conference occurred. However, CCGBA indicated in its reply brief that the parties have previously conferred about a possible Motion to Quash the Notice. While the Court does not condone CCGBA's failure to inform the Court of its compliance with Local Rule 7.1(g) in its original motion, the Court will not deny the motion on this basis alone. Because Plaintiff clearly opposes CCGBA's motion and responded to CCGBA's objections, the Court will proceed to address the merits.

## II. Merits

After consideration of the parties' arguments on the merits, the Court finds a protective order[1] should be granted over some, but not all, topics identified in Plaintiff's Notice. Pursuant to Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The party seeking the protective order must demonstrate "good cause" exists by offering "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 583

---

[1] Although CCGBA styles its motion as a "Motion to Quash," the proper means for preventing disclosure of the requested discovery is through a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The Court accordingly addresses CCGBA's Motion as a request for a protective order.

(D. Kan. 2008) (citations and quotation marks omitted). Whether to enter a protective order lies within the court's discretion. *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

The Court finds that good cause does not exist to grant CCGBA a protective order over the entire Notice. CCGBA fails to state specific objections to all requested topics of deposition, and it is not proper for the Court to engage in a *sua sponte* analysis of each topic. Accordingly, the Court will address each specific objection CCGBA identifies.

### A. Topic 2 – Lloyd Bickel

Topic 2 of the Notice seeks a designated representative to testify regarding, in part, "[t]he application, interview, evaluation and investigation process regarding the hiring, retention and separation of Lloyd Bickel." CCGBA objects to Topic 2 on the ground it is "excessively burdensome" and on the ground that Lloyd Bickel is not even a defendant in this lawsuit. Plaintiff responds that CCGBA's knowledge concerning Bickel "is relevant to its supervisory liability for the operational aspects of the CCDC." (Doc. No. 305, at 6). The Court finds the information covered by Topic 2 to be relevant to the claims asserted in this action, as set forth in Fed. R. Civ. P. 26(b)(1). CCGBA has failed to describe with any specificity why questions regarding Bickel's employment would be excessively burdensome. Accordingly, the requested protective order is denied with regard to the subjects covered in Topic 2 of the Notice.

### B. Topic 6 – Claims and Defenses

Topic 6 of the Notice seeks a designated representative to testify regarding:

> [t]he facts and allegations in the Second Amended Complaint, the Authority's Answer to the Second Amended Complaint, the Answers filed by Defendants Chronister and Girdner, the Authority's responses to Plaintiff's written discovery, the responses submitted by Defendants Chronister and Girdner, Authority's disclosures submitted pursuant to Rule 26 of the Federal Rules of Civil Procedure, Chronister and Girdner's disclosures submitted pursuant to Rule 26 of the Federal Rules of Civil Procedure.

CCGBA objects to Topic 6 on the ground it "is essentially requiring Defendant's counsel to prepare a witness to muster all evidence to testify regarding not only a defense or claim, but ALL defenses." (Doc. No. 302, at 3). CCGBA further argues Topic 6 "seeks Defendant's counsel to prepare a witness to testify on behalf of pleadings filed by other Defendants, represented by separate counsel." (*Id.*). The Court agrees with CCGBA's objection on this point. As CCGBA correctly notes, "[e]ven under the present-day liberal discovery rules, a party is not required to have counsel marshal all of its factual proof and prepare a witness to be able to testify on a given defense or counterclaim." *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia, Inc.*, 2013 WL 435511, at *1 (D. Colo. Feb. 4, 2013) (citation, quotation marks, and alterations omitted). A designated representative's testimony on this topic will accomplish nothing beyond what may be obtained using other discovery tools available to Plaintiff. Accordingly, a protective order is granted over the subjects covered in Topic 6 of the Notice.

### C. Topic 11 – Minutes of CCGBA Meetings

Topic 11 of the Notice seeks a designated representative to testify regarding:

> The substance of discussions at regularly scheduled meetings of the Authority as reflected in minutes taken during those meetings between 2007 and 2014, to include the payment of invoices relating to medical expenditures following a use of force incident and any investigation relating to the payment of these invoices.

CCGBA objects to Topic 11 on the ground it is "excessively burdensome." In response, Plaintiff states it "is not seeking a person to discuss every item listed in the CCGBA minutes over a seven year period." (Doc. No. 305, at 6). Rather, "[t]his topic is focused on those minutes where the CCGBA paid medical invoices for arrestees who were transported from the CCDC for medical care following a use of force event, along with any corresponding investigation." (*Id.*). The Court finds this proposed limitation to be reasonable. Accordingly, Defendant shall produce a corporate representative to testify to the substance of discussion at regularly scheduled meetings

4

of CCGBA as reflected in minutes taken during those meetings between 2007 and 2014, but only with respect to those minutes where CCGBA paid medical invoices for arrestees who were transported from the CCDC for medical care following a use of force incident, along with any investigation relating to the payment of those invoices.

**D.     Topic 19 – CCGBA's Ability to Satisfy a Judgment**

Topic 19 of the Notice seeks a designated representative to testify regarding "[t]he Authority's ability to satisfy a judgment in excess of any insurance policy at issue." CCGBA objects to Topic 19 on the ground it is "excessively burdensome." Plaintiff responds that the financial condition of CCGBA and its ability to pay a damages award is relevant to applicability of *respondeat superior* liability and the prospect of paying compensatory and/or punitive damages and attorney's fees. The Court fails to see how CCGBA's ability to satisfy a judgment has any relevance to the claims at issue in this matter. Topic 19 is relevant only to satisfaction of a potential judgment, which has not yet been awarded in this case. Plaintiff's request for this information is premature. Accordingly, a protective order is granted over the subjects covered in Topic 19 of the Notice.

**CONCLUSION**

For the foregoing reasons, CCGBA's Motion to Quash (Doc. No. 302) is **GRANTED IN PART and DENIED IN PART**. A protective order is **GRANTED** over Topics 6 and 19, and a protective order is **GRANTED IN PART** over Topic 11. Topic 11 is limited in scope as described above. The Motion is **DENIED** in all other respects.

**SO ORDERED** this 6th day of November, 2015.

```
                            _____
                            James H. Payne
                            United States District Judge
                            Eastern District of Oklahoma
```

5