# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHAEL BOSH, as Special )
Administrator for the Estate of )
Daniel Bosh, )
 )
    Plaintiff, )
 )
v. )
 ) Case No. 11-CV-376-JHP
CHEROKEE COUNTY )
GOVERNMENTAL BUILDING )
AUTHORITY, *et al.*, )
 )
    Defendants. )

## OPINION AND ORDER

Before the Court are (1) Defendant Cherokee County Governmental Building Authority's ("CCGBA") Motion for Protective Order Concerning Plaintiff's Notice of Deposition to Defendant CCGBA (Doc. No. 328) and (2) Plaintiff's Second Motion for Sanctions Against Defendant CCGBA (Doc. No. 329). In the interest of efficiency, the Court will address both motions in this Opinion and Order.

## I. Motion for Protective Order

On October 27, 2015, Plaintiff sent CCGBA a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice"), which describes nineteen topics of examination. (*See* Doc. No. 302-1). On November 2, 2015, CCGBA filed a Motion to Quash the Notice, arguing the Notice was excessively burdensome. (*See* Doc. No. 302). The Court ordered expedited briefing on the Motion to Quash in order to issue a ruling in advance of the noticed deposition date of November 9, 2015. On November 6, 2015, the Court, addressing the Motion as a request for a protective order, granted the Motion in part and denied it in part. (Doc. No. 314).

1

On November 9, 2015, the parties agreed to postpone the noticed deposition until November 23, 2015, at 10:00 a.m. (*See* Doc. No. 329). On November 17, 2015, CCGBA's counsel notified Plaintiff's counsel that it would not appear on that date, because counsel intended to file a motion for protective order concerning the Notice. (*Id.*). On November 19, 2015, the parties conferred in an effort to resolve their disagreements but were unsuccessful. That same day, CCGBA reiterated it would be filing a motion for protective order and would not appear on November 23rd, absent a ruling on the motion. (*Id.*). Nonetheless, CCGBA did not file a motion for protective order in advance of the agreed date and time of the deposition. Rather, CCGBA waited until 7:58 p.m. on the evening of November 23, 2015, to file its Motion for Protective Order. As a result, Plaintiff's counsel attended CCGBA's scheduled deposition on the morning of November 23rd. Neither CCGBA nor its counsel appeared at the deposition. (*Id.*).

CCGBA's Motion for Protective Order is denied as untimely. As CCGBA's counsel should be well-aware, protective orders must be obtained prior to the scheduled deposition. Failure to seek a protective order in advance of the deposition waives any objections that could have been raised but were not. *See, e.g., CCB LLC v. Banktrust*, 2010 WL 4038740, *1 (N.D. Fla. Oct. 14, 2010) (denying as untimely motion to quash subpoena that was filed on morning of scheduled deposition) (citing cases). CCGBA's Motion was filed nearly ten hours after the time CCGBA was required to appear for its Rule 30(b)(6) deposition and after the Court's close of business. CCGBA's timing left the Court no opportunity to review the motion or issue an order in advance of the deposition and allowed no time for any responsive briefing by Plaintiff. As a result of the late time of filing, this Motion was not brought to the Court's attention until the following day, on November 24, 2015. Even if Plaintiff was on notice of CCGBA's intention to

file its Motion for Protective Order, CCGBA was under an obligation to file the motion in advance of the scheduled deposition and seek to stay the deposition until the Court issued a ruling. CCGBA has presented no circumstances that would excuse the late filing of the motion.

The Court further finds CCGBA's motion to be repetitive of its original Motion to Quash. Though filed under different headers, both the Motion to Quash and the Motion for Protective Order seek protection from the entire Notice, largely on the grounds that the noticed topics are excessively burdensome. CCGBA is not entitled to file serial motions addressing the same subjects. If CCGBA chose not to specifically address each objectionable topic in its original Motion to Quash, it did so at its peril. Thus, the Motion for Protective Order is also denied as repetitive of the Motion to Quash.

Plaintiff has requested the Court assess costs associated with preparing and filing its response to CCGBA's Motion for Protective Order. If a motion for protective order is denied, Rule 37(a)(5)(B) provides the Court must, after giving an opportunity to be heard, require the movant, movant's counsel, or both to pay the opposing party's reasonable attorney's fees and expenses incurred in making the motion, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Here, the Court has denied CCGBA's Motion for Protective Order. Plaintiff has already requested its costs incurred in opposing CCGBA's motion, and CCGBA has had an opportunity to oppose such request. Accordingly, the Court finds the parties have had the requisite "opportunity to be heard" on the issue. The Court further finds CCGBA's motion was not substantially justified, as it was filed out of time and repetitive of its Motion to Quash. An award of fees is therefore appropriate, to be paid by CCGBA's counsel. Thus, the Court directs Plaintiff to submit an affidavit of the costs associated with opposing the Motion for Protective Order, including attorney fees, by January 26, 2016.

CCGBA's counsel shall file a response regarding reasonableness of such costs and fees by February 9, 2016. Plaintiff may file a reply by February 16, 2016.

Finally, because the Rule 30(b)(6) deposition of CCGBA has been especially contentious and the trial date is looming, the Court orders CCGBA's deposition shall take place at the U.S. Courthouse in Muskogee, Oklahoma, under the supervision of Magistrate Judge Steven P. Shreder, on January 20, 2016, at 10:00 a.m.

## II.    Plaintiff's Second Motion for Sanctions

Plaintiff seeks sanctions against CCGBA pursuant to Rule 37(d)(1)(A)(i) for its failure to appear at the noticed deposition on November 23, 2015, even though no motion for protective order was pending at the time of the deposition. (Doc. No. 329). Plaintiff argues CCGBA's delay tactic in failing to attend has thwarted Plaintiff's efforts to secure party deposition testimony and materially prejudiced Plaintiff's ability to respond to CCGBA's dispositive motion. Plaintiff seeks either a terminating sanction or other sanctions authorized by Fed.R.Civ.P. 37(b)(2)(A) and (d)(3).

Rule 37(d) allows the Court to impose a variety of sanctions against a party who fails to appear for its properly noticed deposition, when no motion for protective order is pending. Here, the Court agrees with Plaintiff that the November 23, 2015 deposition was properly noticed via stipulations of the parties pursuant to Rule 29(a). The Court also agrees with Plaintiff that CCGBA was not excused from appearing at the deposition based on its objection to the Notice, absent a pending motion for protective order and stay of the deposition. *See* Fed.R.Civ.P. 37(d)(2); *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1317 (N.D. Okla. 2006) (filing a motion for protective order does not automatically stay or cancel a properly noticed deposition). As of the time of the deposition on November 23, 2015, CCGBA had not even filed a motion for

protective order with the Court or provided the Court any notice of its intention to file such a motion. CCGBA has provided no adequate excuse for such delay.

Accordingly, the Court concludes an award of fees and expenses pursuant to Fed.R.Civ.P. 37(d)(3) is appropriate. Under Rule 37(d)(3), the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Although Plaintiff was aware that CCGBA was unlikely to appear at the noticed deposition, Plaintiff correctly believed that CCGBA was obligated to attend the deposition on November 23rd and acted accordingly. CCGBA has not persuaded the Court its failure to attend was substantially justified.[1] Thus, the Court will award Plaintiff the attorney fees and costs incurred in attending the November 23, 2015 deposition and preparing the Second Motion for Sanctions, such fees and costs to be paid by CCGBA's counsel. Plaintiff shall submit an affidavit of such costs by January 26, 2016. CCGBA's counsel shall file a response regarding reasonableness of such costs and fees by February 9, 2016. Plaintiff may file a reply by February 16, 2016.

As to Plaintiff's request for further sanctions, the Court is not convinced Plaintiff has suffered serious prejudice as a result of CCGBA's delay. Plaintiff still has an opportunity to depose CCGBA and present relevant evidence at trial. After considering all the circumstances, the Court declines to impose further sanctions against CCGBA.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** CCGBA's Motion for Protective Order (Doc. No. 328). Fees and Costs with respect to the Motion for Protective Order are assessed

---

[1] For the record, the Court does not appreciate or condone CCGBA's decision to submit an audio recording of a secretly recorded conversation between Plaintiff's counsel and defense counsel. A simple declaration by counsel would have sufficed as support for its arguments.

5

against CCGBA's counsel as set forth above. The Rule 30(b)(6) deposition of CCGBA will proceed on January 20, 2016, at 10:00 a.m. at the U.S. Courthouse in Muskogee, OK, under the supervision of Judge Steven P. Shreder.

Additionally, the Court **GRANTS IN PART** Plaintiff's Second Motion for Sanctions Against CCGBA (Doc. No. 329) and orders that fees and costs be imposed against CCGBA's counsel as set forth above.

**SO ORDERED** this 12th day of January, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma