# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL BOSH, Special | ) | |
| Administrator for the Estate of | ) | |
| Daniel Bosh, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-376-JHP |
| | ) | |
| CHEROKEE COUNTY | ) | |
| GOVERNMENTAL BUILDING | ) | |
| AUTHORITY, GORDON | ) | |
| CHRONISTER, and | ) | |
| T.J. GIRDNER, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On September 29, 2011, Daniel Bosh sued the Cherokee County Governmental

Building Authority, Gordon Chronister, and T.J. Girdner in state court in the District

Court of Cherokee County, Case No. CJ-2011-245. The case was removed to this Court

pursuant to 28 U.S.C. § 1331 due to the assertion of a federal civil rights claims, and

Michael Bosh became the Plaintiff after Daniel Bosh died. Through the long and

contentious proceedings in this case, numerous discovery disputes arose. As pertinent

here, these discovery disputes eventually resulted in this Court's entry of an Opinion and

Order [Docket No. 354] granting in part the Plaintiff's Second Motion for Sanctions

[Docket No. 329] against Defendant Cherokee County Governmental Building Authority

("CCGBA"), and directing that fees and costs be assessed against CCGBA's counsel.

The Plaintiff ultimately submitted an Affidavit of Plaintiff's Costs and Fees [Docket No.

381], prompting CCGBA to oppose the affidavit and request a substantial reduction for

the fees and costs [Docket No. 385]. The Court then referred this issue to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation. *See* Docket No. 395. For the reasons set forth below, the undersigned Magistrate Judge hereby recommends that counsel for Defendant CCGBA be directed to pay $9,475.00 in attorneys' fees and $85.60 in costs, for a total of $9,560.60 in the form of a *cy pres* donation to the Oklahoma Bar Foundation on behalf of the Estate of Daniel Bosh.

## A. Procedural History

As described more fully in the Court's Opinion and Order [Docket No. 354], the dispute at issue here arose with the Defendant's failure to appear for a properly-noticed deposition set for November 23, 2015. As a result, the Court found that an award of fees pursuant to Fed. R. Civ. P. 37(d)(3) was appropriate, and awarded Plaintiff fees and costs incurred in attending the November 23, 2015 deposition, in preparing the Motion for Sanctions and in responding to Defendant CCGBA's Motion for Protective Order [Docket No. 328], to be paid by counsel for CCGBA. *See* Docket No. 354, p. 5. In that same Order, the Court directed that "because the Rule 30(b)(6) deposition of CCGBA has been especially contentious and the trial date is looming, the Court orders CCGBA's deposition shall take place at the U.S. Courthouse in Muskogee, Oklahoma, under the supervision of" the undersigned Magistrate Judge, on January 20, 2016. *See* Docket No. 354, at p. 4. On that day, however, the parties arrived at the Courthouse and ultimately reached a settlement in this case. The Court entered an Amended Administrative Closing Order, dismissing all claims without prejudice pursuant to Fed. R. Civ. Pr. 41(a)(2), but

stating that the Court's Opinion and Order awarding fees under Fed. R. Civ. P. 37(d)(3), Docket No. 354, remained in effect. *See* Docket No. 384. The parties ultimately agreed to submit this issue to the undersigned Magistrate Judge based on the briefing and testimony presented at previous hearings for attorneys' fees in this case, and the undersigned Magistrate Judge took the matter under advisement. *See* Docket No. 402. The undersigned Magistrate Judge now recommends that the Court award $9,475.00 in attorney fees and $85.60 in costs, for a total of $9,560.60 to the Plaintiff as the reasonable attorneys' fees and costs incurred as a result of the Defendants' failure to appear for a properly-noticed deposition, and directs that such payments be made in the form of a *cy pres* donation to the Oklahoma Bar Foundation on behalf of the Estate of Daniel Bosh.

## B. Analysis

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D. N.M. 2011). "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case v. Unified School Dist.*

*No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998), *quoting Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds*. In making these determinations, the Court may refer to affidavits, briefs, and depositions, as well as his own knowledge and experience. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007), *citing National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) *and Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005). The Plaintiff seeks a total of $17,610.00 in attorneys' fees, which is 45.2 hours of time at $300 per hour for Mr. J. Spencer Bryan, 7.0 hours at $300 per hour for Mr. Steven Terrill, and 6.5 hours at $300 per hour for Mr. Mitchell Garrett. Additionally, Mr. Bryan seeks $85.60 for his mileage to and from the scheduled deposition set for November 23, 2015. The Defendants dispute both hourly rates and hours billed, so each will be addressed.

**Hourly rate.** The Plaintiff contends that Mr. Bryan, Mr. Terrill, and Mr. Garrett are all entitled to $300 per hour based upon an attorneys' fee award by this Court in *Chatman v. Buller*, 2013 WL 5729603 (E.D. Okla. Oct. 22, 2013) (slip op.), as well as their experience and quality of work. But the award in that case was based in part upon the contingent nature of their fee and the considerable risk of loss they undertook in representing their client in that case. Indeed, the attachments submitted by the Plaintiff in litigating the first award of attorneys' fees in this case and the Court's findings in *Chatman*, reflect that $250 per hour was the most common rate reported by attorneys with the same years of experience as Mr. Bryan, and $225 per hour was the most

common rate reported by attorneys with the same number of years of experience as Mr. Garrett and Mr. Terrill. *See* Docket No. 178, Ex. 1; *Chatman v. Buller*, 2013 WL 5729603, at *2 (E.D. Okla. Oct. 22, 2013) (slip op.) ("The survey indicates that lawyers with attorneys with 10-12 years of experience charge hourly rates ranging between $160.00 and $330.00 per hour, with most respondents charging $250 per hour. The survey also shows that attorneys with 7-9 years of experience charge hourly rates between $130 and $295 per hour, with most respondents charging $225 per hour."). The undersigned Magistrate Judge thus previously recommended in this case an award of attorneys' fees of $250 per hour for all three attorneys, noting that such compensation was not intended to reflect an hourly rate that might be determined by the Court should the Plaintiff ultimately become the prevailing party. *See* Docket Nos. 243, 254. Additionally, a second motion for attorneys' fees was referred to the undersigned Magistrate Judge and a hearing was held at which both parties called experts to testify as to the reasonableness of an hourly rate and time expended. In that motion, Mr. Bryan and Mr. Garrett requested $325 per hour, while Mr. Terrill requested $300 per hours. Mr. Noble McIntire, a plaintiff's personal injury attorney and immediate past president of the Oklahoma Association for Justice (a plaintiff's trial lawyer association), testified on behalf of plaintiff's counsel that he was comfortable with these rates because counsel were operating on a contingency basis, which meant uncertainty and risk. Mr. Scott B. Wood testified as an expert for the Defendants. He testified that he is managing partner of his law firm, has an exclusively civil rights litigation practice, and that the highest rate he charges is $225 per hour. Noting that he was familiar with counsel for Plaintiff and

their work, he testified that he believed $225 per hour was appropriate for both Mr. Bryan and Mr. Garrett, while $200 per hour was appropriate for Mr. Terrill, in light of their years of practice and experience. This case settled before the undersigned Magistrate Judge issued a Report and Recommendation on this motion, but when the present motion was referred to the undersigned, the parties asked the undersigned Magistrate Judge to rule on this motion based on "his knowledge of the facts and previous hearings and rulings on Plaintiff's previous Motions for Attorney Fees and Costs. [*See* Dkt. 178, 191, 192, 212, 243, 254, 259]." Docket No. 401, pp. 2-3. The Defendants now contend (without supporting documentation) in their response to the present pending motion that a rate of $200 per hour is reasonable for all three attorneys with regard to this issue.[1] Based on this information, the evidence submitted by the parties, the testimony presented, and the undersigned Magistrate Judge's knowledge of the local practice in general and of the attorneys in this case in particular, the undersigned Magistrate Judge finds that the hourly rate of $250 per hour is reasonable and appropriate for all three attorneys in connection with their work on this motion for sanctions. *See Jones,* 478 F. Supp. 2d at 1326 (noting that orders from sister courts and supporting affidavits are "helpful to the Court" and that "the Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). *See also Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555

---

[1] In addition to an overall 15% reduction, taken after the hours billed (discussed below) are also reduced.

(10th Cir. 1996) (observing that a similar rate was "in the interests of justice and proportional to the specific violation of the rules.").[2]

**Hours billed.** Turning to the numbers of hours contained in the billing record, the Plaintiff's attorneys seek a collective 58.7 total billing hours in response to this Court's Opinion and Order awarding fees and costs. These hours can roughly be divided into three categories: (i) emails, telephone calls, and conferences; (ii) time spent preparing for the November 23, 2015 deposition, preparing the Motion for Sanctions, and responding to the Motion for Protective Order; and (iii) driving time to attend the scheduled November 23, 2015 deposition. The undersigned Magistrate Judge now finds that 39.9 hours should be awarded as follows.

First, the Plaintiff's three attorneys billed a total of 11.9 hours solely for email correspondence, telephone calls, and conferences with each other, in addition to Mr. Spencer spending another .5 hours emailing opposing counsel. In view of the product and the circumstances surrounding the unattended deposition and the resulting motion for sanctions and motion for protective order, the undersigned Magistrate Judge awards 2.5 hours for all three categories to Mr. Bryan as lead counsel: 1.00 hour for email with co-counsel, .5 hours for email with opposing counsel, and 1.00 hour for conferences and telephone calls. *See Case*, 157 F.3d at 1250, *quoting Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to

---

[2] It should be noted that these hourly rates reflect a reasonable hourly compensation specific to the present issues of sanctions referred to the undersigned Magistrate Judge herein. This hourly rate is not intended to reflect an opinion as to a reasonable hourly rate that is appropriate for a prevailing party at the close of a case.

achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). *See generally Brigham Young University v. Pfizer, Inc.*, 262 F.R.D. 637, 650 (D. Utah 2009) ("The Court [] finds that the documented time and requested fees spent in preparation for the two day sanctions hearing, over 611 hours for approximately 6 hours of Court time, excessive.").

Second, the Plaintiff's attorneys requested 43.5 hours related to preparation for and attendance at the November 23, 2015 deposition, as well as submission of the Plaintiff's motion for sanctions and in responding to the Defendant's Motion for Protective Order, *i. e.*, 13.5 hours related to the unattended deposition, 21.5 hours with respect to the motion for sanctions, and 8.5 hours as to the motion for protective order. The undersigned Magistrate Judge finds 32.8 hours of that time is reasonable and appropriate. These hours are apportioned as follows: 31.1 hours to Mr. Bryan for his work on each of these issues, .7 hours to Mr. Terrill for his substantive work on the motion for sanctions, and 1.0 hours to Mr. Garrett for his work in relation to the unattended deposition. *Batson*, 765 F.2d at 516 ("Under Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, a party may be personally liable for *reasonable* expenses including attorney's fees *caused* by the failure to comply with a discovery order."), *citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-764 (1980).

Finally, the undersigned Magistrate Judge turns to the issue of travel time, which Mr. Bryan billed 2.6 hours of driving time to attend the scheduled November 23, 2015 deposition. Under the circumstances, the undersigned Magistrate Judge finds that Mr. Bryan's 2.6 hours should be awarded. *See* Fed. R. Civ. P. 30(g) ("A party who, expecting a deposition to be taken, *attends* in person or *by an attorney may recover reasonable expenses for attending, including attorney's fees*[.]") (emphasis added).

**Summary.** To sum up, the undersigned Magistrate Judge thus recommends awarding the requested attorneys' fees and costs as set forth below:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. J. Spencer Bryan | 36.2 | $250 per hour | $9,050.00 |
| Mr. Steven Terrill | 0.7 | $250 per hour | $175.00 |
| Mr. D. Mitchell Garrett, Jr. | 1.0 | $250 per hour | $250.00 |

Accordingly, the Plaintiff should be awarded reasonable fees and costs in the amount of $9,475.00, for 37.9 hours of work, as well as $85.60 for costs, for a total award of $9,560.60 in fees and costs. As directed by the Court in its previous Order, *see* Docket No. 354, this award of fees and costs is to be paid by counsel for Defendant Cherokee County Governmental Building Authority, and as requested by Plaintiff, such fees are to be paid in the form of a *cy pres* donation to the Oklahoma Bar Foundation on behalf of the Estate of Daniel Bosh.

## C. Conclusion

The undersigned Magistrate Judge PROPOSES the findings set forth above, and accordingly RECOMMENDS that the Plaintiff be awarded $9,475.00 for the reasonable attorneys' fees and $85.60 for costs incurred as described herein, for a total award of $9,560.60, to be paid by counsel for Defendant Cherokee County Governmental Building Authority in the form of a *cy pres* donation to the Oklahoma Bar Foundation on behalf of the Estate of Daniel Bosh. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 25th day of May, 2016.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma